### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | **Chapter 7** |
| **STEVEN LEE SORENSEN** ) | |
| **TINA L.  SORENSEN** ) | **Case No.  11-33448** |
| **Debtors** ) | |
| ) | **Judge Bruce W. Black** |
| | **"Joliet"** |

### DEBTORS'  MOTION TO REOPEN CASE

NOW   **COMES,** Debtors, STEVEN LEE SORENSEN and TINA L.

SORENSEN, by their attorney, Arthur D. Wellman, and respectfully moves this

Honorable Court to (1) reopen the case pursuant to Section 350 (b) and Rule 5010, in

order to accord relief to Debtor by and through the continued  processing of the discharge

order under Section 727; and (2) approve the notice and service of this instant motion to

the interim trustee and the United States Trustee, states as follows:

1.  Debtors voluntarily filed a Chapter 7, Title 11 of the United States Code, on August

16, 2011.

2. A meeting of creditors pursuant to Section 341 was held on September 8, 2011.

3. Neither the Trustee nor any creditors filed any complaints objecting to discharge

or to determine discharge ability of certain debts on or before the respective deadline

to file same, although the trustee adjorned the case to do further investigation whether

there might be likihood any recovery to the Debtor Steve Sorensen on a whistleblower

lawsuit in state court against former employer, MF Global.

4. Finally a no asset report was filed by the Chapter 7 Interim Trustee on June 26,  2012.

5. Subsequent to the meeting of creditors, Debtors failed to timely file their Form B-23

and Certificate of Post Petition Financial Management Debtor Education courses,

although they only had a couple days notice of the no asset report and case closing from

the Interim Trustee in June 2012.  (See  B-23 Forms and Certificates attached).

6.  The Court's clerk subsequently closed the case without discharge on June 28, 2012.

7.  The debtors have now their filed their B-23 forms and Certificates of Post Petition

Financial Management of Debtor Education with this Motion and Notice.

8.  Because neither the Trustee nor creditors filed complaints to object to discharge or

to determine discharge ability of certain debts by the relevant deadlines, a discharge

would have issued to debtors but for the failure to file their Form B-23 and certificates

timely.

9.  Debtors seek a reopening of the case so that the clerk of the Court may carry on and

issue a discharge.

10. Debtors seek a court order reopening the case pursuant to Section 350(b) and

Bankruptcy Rule 5010, so that the clerk of the court can process and issue the discharge

Order  pursuant to Internal Operating Procedure 16, Paragraph 5.

11. Pursuant to this Court's general authority to approve and regulate notices, Debtors

also requests that this Court approve the notice and service to this instant motion to the

Interim Chapter 7 Trustee and the United States Trustee.

WHEREFORE, Debtor prays this Honorable Court for the following relief:

A.)That this Honorable Court enter an order reopening this case;

B.) That the order provide that once the discharge has been issued, that the clerk of the

Court immediately re-close the case;

C)  That this Court order any further relief as it may deem fair and  proper.

Respectfully submitted,

/s/ ARTHUR  WELLMAN
for the Debtors Steven L. Sorensen
Tina   L. Sorensen

Arthur D.Wellman, Attorney at Law
11980 Duchess Ave.
Mokena, IL. 60448
708-949-0431