# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> STEVEN LEE SORENSEN, <br> TINA L. SORENSEN, <br><br> Debtor(s) | Case No. 11-bk-33448 <br><br> Chapter 7 |

## NOTICE OF MOTION

To:   Keith Anthony Schallenkamp        Robin M. Eich
      316 North 6th Street              Eich Law Office, Prof. LLC
      Mankato, MN 56001                 700 N. Vandemark Ave., Suite 108
                                        Hartford, SD 27033

      Jon E. Paulson
      Paulson Law Firm PLLC
      1434 Appaloosa Trail
      Eagan, MN 55122

PLEASE TAKE NOTICE that on June 13 2019 at 10:00 a.m., the undersigned will appear before the Honorable Pamela S. Hollis at the Everett McKinley Dirksen United States Courthouse, Courtroom No. 644, 219 South Dearborn, Chicago, Illinois 60604, and will then and there present the attached **Debtors' Motion Pursuant to 11 U.S.C. §§ 524 and 105 for Violations of the Discharge Injunction and Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt Against Keith Anthony Schallenkamp, Paulson Law Firm PLLC and Eich Law Office, Prof. LLC**, at which time you may appear if you so choose.

Dated: May 31, 2019                     */s/ Majdi Y. Hijazin*

                                        Majdi Y. Hijazin, *Of Counsel*
                                        **SULAIMAN LAW GROUP, LTD.**
                                        2500 South Highland Avenue
                                        Suite 200
                                        Lombard, Illinois 60148
                                        +1 630-575-8181
                                        mhijazin@hijazinlaw.com

                                        *Counsel for Steven Lee Sorensen and*
                                        *Tina L. Sorensen*

## Certificate of Service

I, Majdi Y. Hijazin, hereby certify that on May 31, 2019 I caused a copy of this notice and attached **Debtors' Motion Pursuant to 11 U.S.C. §§ 524 and 105 for Violations of the Discharge Injunction and Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt** to be served, via ECF to the United States Trustee and Chapter 7 Trustee, and via U.S. Certified Mail, postage prepaid, to:

Keith Anthony Schallenkamp
316 North 6th Street
Mankato, MN 56001

Robin M. Eich
Eich Law Office, Prof. LLC
700 N. Vandemark Ave., Suite 108
Hartford, SD 27033

Jon E. Paulson
Paulson Law Firm PLLC
1434 Appaloosa Trail
Eagan, MN 55122

*/s/ Majdi Y. Hijazin*

Majdi Y. Hijazin, *Of Counsel*
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mhijazin@hijazinlaw.com

*Counsel for Steven Lee Sorensen and Tina L. Sorensen*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>STEVEN LEE SORENSEN,<br>TINA L. SORENSEN,<br><br>Debtor(s) | Case No. 11-bk-33448<br><br>Chapter 7 |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 524 AND 105 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT AGAINST KEITH A. SCHALLENKAMP, PAULSON LAW FIRM PLLC, AND EICH LAW OFFICE, PROF. LLC**

**NOW COME** Steven Lee Sorensen ("Sorensen") and Tina L. Sorensen ("Debtors"), by and through their attorneys, Sulaiman Law Group, Ltd., bringing this Motion Pursuant to 11 U.S.C. §§ 524 and 105 for Violations of the Discharge Injunction and Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp ("Schallenkamp"), Paulson Law Firm PLLC ("Paulson") and Eich Law Office, Prof. LLC ("Eich"), for Violations of the Discharge Injunction, and in support thereof, stating as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction over this proceeding pursuant to 11 U.S.C. §§ 105, 524, and 28 U.S.C. §§ 157 and 1334. This proceeding arises out of and is related to the above-captioned Chapter 7 case under Title 11.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) & (2).

1

## PARTIES

3. Steven Lee Sorensen and Tina L. Sorensen were debtors under Chapter 7 of Title 11 of the United States Code in Case Number 11-33448 filed on August 8, 2011, in the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

4. Keith A. Schallenkamp ("Schallenkamp") is over the age of 18 and a resident of Sibley County, Minnesota with a last known mailing address of 316 North 6th Street, Mankato, Minnesota 56001. Schallenkamp was an unsecured creditor in the Debtors' Chapter 7 bankruptcy.

5. Paulson Law Firm PLLC ("Paulson") is an inactive Limited Liability Company organized under the laws of the State of Minnesota with its principal office located at 1434 Appaloosa Trail, Eagan, Minnesota 55122. Jon E. Paulson, owner, is an attorney authorized to practice law in the State of Minnesota.

6. Eich Law Office, Prof. LLC ("Eich") is a Limited Liability Company organized under the laws of the State of South Dakota with its principal office located at 210 N. Main Avenue, Suite 102, Parker, SD 57053 (mailing address and second location: 700 N. Vandemark Avenue, Suite 108, Hartford, SD 57033). Robin M. Eich, owner, is an attorney authorized to practice law in the State of South Dakota.

## STATEMENT OF FACTS

**PREPETITION**

7. On October 14, 2009, Sorensen filed a wrongful termination lawsuit against his former employer, MF Global, and others (*Sorensen v. Greg Arenson, et al.*, Cook County Circuit Court, Law Division, Case Number 2009-L-012205).

8. Prior to the filing of his wrongful termination lawsuit, Schallenkamp called Sorensen asking about the wrongful termination lawsuit and expressed a desire to loan money to Sorensen in exchange for a stake in the lawsuit.

9. On June 27, 2011, Sorensen's wrongful termination lawsuit was dismissed with prejudice. Sorensen filed an appeal on July 27, 2011. During the pendency of the wrongful termination lawsuit and appeal, Sorensen's former employer, MF Global, was facing a massive liquidity crisis which lead to MF Global filing for Chapter 11 bankruptcy protection on October 31, 2011.

10. Between approximately July 2009 and August 5, 2011, Schallenkamp loaned Debtors approximately $72,084.00.[1]

**DEBTORS' CHAPTER 7**

11. On August 16, 2011, Debtors filed their Chapter 7 bankruptcy.

12. Debtors duly scheduled Schallenkamp as an unsecured creditor for a personal loan ("loan") on Schedule F[2]. *See* Exhibit A attached hereto, a copy of Debtors' Schedule F.

13. Schallenkamp received notice of Debtors' Chapter 7 filing at his last known address through a notice produced by the Bankruptcy Noticing Center ("BNC"). *See* Exhibit B attached hereto, a true and correct copy of the BNC's Certificate of Service establishing service upon Schallenkamp.

14. Approximately a week or two after the notices were sent to the creditors, Schallenkamp called Sorensen, furious about being listed in the Debtors' bankruptcy. Sorensen explained that Debtors were required to list every person or creditor owed money by the Debtors.

---

[1] Schallenkamp loaned Debtors post-petition monies totaling $3,020.00 from 09/06/2011 to 01/02/2012, which are not subject to this Motion. From 06/03/2014 to 04/20/2015, Debtors made payments to Schallenkamp totaling $3,800.00 on the post-petition loan. Based upon a spreadsheet produced by Schallenkamp in the South Dakota lawsuit, the prepetition loan amount was $72,084.00.

[2] The Debtors advised their bankruptcy attorney that the amount of the unsecured loan to Schallenkamp was $66,000.00; however, a clerical error was made by Debtors' attorney and the unsecured loan was scheduled as $6,600.00. Debtors brought the error to the attention of their bankruptcy attorney who advised them it was a clerical error and not an issue in a no-asset bankruptcy.

15. On September 9, 2011, the BNC, at the request of the Chapter 7 Trustee, produced notices to all creditors setting the time for filing claims.

16. Schallenkamp did not participate in Debtors' bankruptcy case.

17. Debtor's Chapter 7 was a no-asset bankruptcy and on June 26, 2012, the Chapter 7 Trustee issued his Report of No Distribution stating:

> "I, Bradley J. Waller, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estates; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and ***that there is no property available for distribution from the estate over and above that exempted by law***....Assets Abandoned (without deducting any secured claims): $201874.57, Assets Exempt: $42800.00, Claims Scheduled: $1020314.69, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $1020314.69." [Emphasis added.]

18. On July 31, 2012, Debtors received a discharge of all dischargeable debts pursuant to 11 U.S.C. §727, including the subject loan. *See* Exhibit C attached hereto, a true and correct copy of the Discharge of Joint Debtors.

19. On August 2, 2012, the BNC provided Schallenkamp with notice of Debtors' Chapter 7 discharge. *See* Exhibit D attached hereto, a true and correct copy of the BNC Certificate of Service establishing service of the Discharge Order upon Schallenkamp.

20. The Discharge Order served upon Schallenkamp expressly stated:

> "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged.....a creditor is not permitted to contact a debtor by mail, phone, or otherwise.…to collect a discharged debt from the debtor." *Id*.

21. Debtors' discharge extinguished any liability on the subject loan and precluded any collection efforts against the Debtors by Schallenkamp.

**POST-DISCHARGE**

22. Notwithstanding Debtors' discharge, on June 16, 2017, Schallenkamp, by and through his attorney, Jon E. Paulson, Paulson Law Firm, PLLC, filed a civil lawsuit in District Court, First Judicial District, County of Sibley, State of Minnesota seeking a judgment for damages against Debtors in excess of $50,000.00,[3] a judgment for fraud against Debtors in excess of $50,000.00, and attorney fees.  Schallenkamp specifically was seeking to collect the $72,084.00 prepetition loan (the "Minnesota lawsuit"). *See* Exhibit E attached hereto, a copy of the Amended Complaint filed in *Keith Allen Schallenkamp[4] v. Steven Sorenson, Tina Sorenson and Shirley Schallenkamp*, Court File No. 72-DF-17-145.

23. At all times relevant prior to, and including, the date of the filing of the Minnesota lawsuit, Schallenkamp had full knowledge of the Debtors' no-asset Chapter 7 bankruptcy and Discharge of the subject loan and assisted his attorney, Paulson, in the preparation of the Minnesota lawsuit which specifically referenced the bankruptcy.

24. On the date of the filing of the Minnesota lawsuit, Paulson had full knowledge of the Debtors' no-asset Chapter 7 bankruptcy and Discharge of the subject loan and with the assistance of Schallenkamp, in preparing and filing the lawsuit, specifically referenced the bankruptcy.

25. On or about March 13, 2018, the Minnesota lawsuit was dismissed for lack of jurisdiction. On or about April 10, 2018, the Court entered a Judgment in favor of Debtors in the principal

---

[3]  Schallenkamp and Paulson alleged a Breach of Contract by Debtors, claiming damages of $71,304.00.  This amount was calculated as $75,104.00 received by Debtors, less $3,800.00 repaid. This amount included the $72,084.00 prepetition loan which was discharged.

[4]  Keith "Allen" Schallenkamp, Plaintiff named throughout the Minnesota lawsuit and Keith "Anthony" Schallenkamp, Plaintiff named throughout the South Dakota lawsuit are one and the same person. Schallenkamp's correct name is Keith Anthony Schallenkamp.

5

amount of $1,060.00 for additional legal fees and costs incurred by Debtors as a result of a late filing of a changed document by Schallenkamp.

26. Nevertheless, Schallenkamp again ignored the Debtors' Discharge and on July 29, 2018, Schallenkamp, by and through his attorney, Robin M. Eich, Eich Law Office, Prof. LLC, filed a civil lawsuit in Circuit Court, First Judicial Circuit, County of McCook, State of South Dakota seeking a judgment for damages against Debtors in in the amount of $71,304.00[5], plus interest, a judgment for fraud against Debtors in amount to be determined at trial, and attorney fees and costs (the "South Dakota lawsuit"). Schallenkamp is specifically seeking to collect the $72,084.00 prepetition loan. *See* Exhibit F attached hereto, a true and correct copy of the Verified Complaint filed in *Keith Anthony Schallenkamp v. Steven Sorenson, Tina Sorenson and Shirley Schallenkamp*, Court File No. 44CIV18-000056.

27. The South Dakota lawsuit mirrors the Minnesota lawsuit filed by Schallenkamp against Debtors and dismissed only a few months prior to Schallenkamp's filing of the South Dakota lawsuit.

28. In or about December 2018, Debtors met with attorney Christina Banyon, CKB Lawyers, regarding Schallenkamp's lawsuits attempting to collect a debt that was discharged in the Debtors' Chapter 13.

29. On December 13, 2018, Ms. Banyon sent a Notice Pursuant to Section 362 of the United States Bankruptcy Code of Automatic Stay Protection and/or Past Filing of Bankruptcy to Robin Eich, along with a copies of the Debtors' 341 notice and discharge order.

30. Despite Ms. Banyon's efforts, Schallenkamp and Eich proceeded with the South Dakota lawsuit.

---

[5] Schallenkamp and Eich calculated the amount of $71,304.00, as follows: $72,084.00 prepetition loan plus $3,020.00 post-petition loan, less $3,800.00 paid by Debtors.

31. At all times relevant prior to and including the date of the filing of the South Dakota lawsuit, Schallenkamp had full knowledge of the Debtors' no-asset Chapter 7 bankruptcy and Discharge of the subject loan and assisted his attorney, Eich, in the preparation of the South Dakota lawsuit which specifically referenced the bankruptcy.

32. On the date of the filing of the South Dakota lawsuit, Eich had full knowledge of the Debtors' no-asset Chapter 7 bankruptcy and Discharge of the subject loan and with the assistance of Schallenkamp, in preparing and filing the lawsuit, brought the lawsuit against Debtors on the discharged subject loan.

33. With full knowledge of the Debtors' Chapter 7 discharge, including the discharge of the subject loan, Schallenkamp and Eich continue to actively pursue collection from the Debtors of the discharged subject loan through the South Dakota lawsuit.

34. Notwithstanding Debtors' Discharge, Debtors have received numerous emails, text messages and attempted harassing phone calls from Schallenkamp. Schallenkamp has even sent text messages to the Debtors' minor daughter's cell phone.

35. Debtors have been required to retain counsel to defend them in the Minnesota and South Dakota lawsuits filed by Schallenkamp and his attorneys, Paulson and Eich, respectively.

42. Concerned about the violations of their rights and invasion of their privacy, Debtors sought the assistance of counsel, Christina Banyon, to cease the collection efforts of Schallenkamp, Paulson and Eich.

43. When her efforts failed, Ms. Banyon referred the Debtors to the undersigned counsel for assistance to cease the collection efforts of Schallenkamp, Paulson, and Eich.

## LEGAL STANDARD

44. The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).

45. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts. 11 U.S.C. §524(a)(2).

46. A bankruptcy court has not only the inherent authority to enforce its orders, but also the statutory authority, under 11 U.S.C. §105(a), to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. This authority includes the issuance of sanctions as necessary and encompasses both the court's authority to enforce orders and, also, necessarily includes orders imposing sanctions for violating the discharge injunction. *In re Adams,* 2010 Bankr. LEXIS 22017, *11 (Bankr. E.D. N.C. 2010).

47. "The automatic stay and discharge injunction are cornerstones of bankruptcy law. They are, respectively, a fundamental debtor protection and a fundamental debtor objective. The automatic stay assists debtors in regaining their financial footing by allowing them to do so free from collection efforts. And, having successfully completed the bankruptcy process, discharge provides debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. But the automatic stay and discharge injunction must be enforced to provide any meaningful protection or incentive." *In re Curtis*, 322 B.R. 470, 483 (Bankr. D. Mass. 2005).

48. Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

49. "If the court finds that the creditor received notice of the discharge in bankruptcy, then the debtor will have to prove only that the creditor intended the actions which violated the injunction." *Faust v. Texaco Ref. and Mktg, Inc.*, 270 B.R. 310, 315 (Bankr. M.D. Ga. 1998).

50. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, 171 B.R. 835, 845 (Bankr. N.D. Ill.1994).

51. Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so. *In re Wagner*, 74 B.R. 898, 903-904 (Bankr. E.D. Pa. 1987).

52.  Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. 1996).

53. "For violations of the discharge injunction, courts have awarded punitive damages 'where there exists a complete and utter disrespect for the bankruptcy laws.'" *In re Phillips,* 2012 Bankr. LEXIS, *10 (Bankr. N.D. Ohio 2012).

54. "In assessing punitive damages it has been reasoned that 'sophisticated commercial enterprises have a clear obligation to adjust their programming and procedures and their instruction to employees to handle complex matters correctly'." *In re Wallace,* 2011 Bankr. LEXIS 1168, *23 (Bankr. M.D. Fla. 2011).

55. "Additionally, the Court may impose monetary sanctions as a coercive measure to ensure the creditor's future compliance with the discharge injunction. Sanctions to coerce a creditor to

9

cease violating the discharge injunction are an appropriate use of contempt sanctions." *In re McLean*, 2013 WL 5963358 at *4 (Bankr. M.D. Ala. 2013).

**ARGUMENT**

56. Debtors were granted a discharge on July 31, 2012, thus extinguishing any personal liability on the subject loan and precluding any collection attempts on the subject loan.

57. All of the demands for payment on the subject loan by Schallenkamp, Paulson, and Eich occurred after Debtors were granted a discharge of the subject loan.

58. Schallenkamp was given notice of Debtors' discharge on numerous occasions from the BNC, the Debtors themselves during phone conversations with Schallenkamp, and throughout the Minnesota and South Dakota lawsuits.

59. Paulson had notice and knowledge of Debtors' discharge from Schallenkamp himself, from Paulson's access to PACER, and throughout the Minnesota lawsuit.

60. Eich had notice and knowledge of Debtors' discharge from Schallenkamp himself, from Eich's access to PACER, and throughout the South Dakota lawsuit.

61. Despite having notice and actual knowledge of the discharge, Schallenkamp failed to cease collection efforts on the subject loan as demonstrated by his (a) numerous emails, (b) text messages, (c) attempted harassing phone calls to Debtors, (d) text messages to the Debtors' minor daughter's cell phone, (e) the filing and prosecution of the Minnesota lawsuit, and (d) the filing and continued active prosecution of the pending South Dakota lawsuit.

62. Despite having notice and actual knowledge of the discharge, Paulson failed to cease collection efforts on the subject loan as demonstrated by Paulson's preparation, filing, and active prosecution of the Minnesota collection lawsuit by Schallenkamp against the Debtors.

63. Despite having notice and actual knowledge of the discharge, Eich failed to cease collection efforts on the subject loan as demonstrated by Eich's preparation, filing, and active and current prosecution of the South Dakota collection lawsuit by Schallenkamp against the Debtors.

64. Moreover, the Minnesota and South Dakota lawsuits against Debtors clearly demonstrate that Schallenkamp, Paulson, and Eich were attempting to collect a discharged debt from Debtors. *See* Exhibits E and F.

65. Schallenkamp's collection efforts on the subject loan were willful, continue to be willful, and are in brazen violation of the discharge injunction.

66. Paulson's collection efforts on the subject loan were willful and are in brazen violation of the discharge injunction.

67. Eich's collections efforts on the subject loan are willful, continue to be willful, and are in brazen violation of the discharge injunction.

68. Schallenkamp received notice of the Debtors' Discharge. The Discharge Order clearly stated that "a creditor is not permitted to contact a debtor by mail, phone, or otherwise.…to collect a discharged debt from the debtor" and Schallenkamp had the knowledge to prevent willful violations of the discharge injunction. However, Schallenkamp's egregious conduct, at Debtors' expense, establishes otherwise.

69. Paulson Law Firm PLLC, founded by Jon E. Paulson in January 2012, is a "full service law firm, with emphasis in employment law, real estate business, **bankruptcy**...." Jon E. Paulson has been a practicing attorney for more than ten years. Paulson had the knowledge to prevent willful violations of the discharge injunction such as the filing of the Minnesota lawsuit on behalf of Schallenkamp. However, Paulson's egregious conduct Schallenkamp, at Debtors' expense, establishes otherwise.

70. Eich Law Office, Prof. LLC's areas of practice include business, family, assets and rights.[6] Robin M. Eich has been a practicing attorney for more than ten years. Eich had the knowledge to prevent willful violations of the discharge injunction such as the filing, and current and active preparation of the South Dakota lawsuit on behalf of Schallenkamp. However, Eich's egregious conduct, at Debtors' expense, establishes otherwise.

71. Schallenkamp's actions in attempting to collect the uncollectable and discharged debt are deliberate, unlawful, and egregious in nature as demonstrated by the frequency and regularity of his willful violations of the discharge order.

72. Paulson's and Eich's actions in attempting to collect the uncollectable and discharged debt are deliberate, unlawful, and egregious in nature as demonstrated by the filing and prosecution of the collection lawsuits against the Debtors in Minnesota and South Dakota, respectively.

73. Schallenkamp has failed to cease collection efforts as mandated by the discharge injunction despite receiving notice of Debtors' bankruptcy on numerous occasions; leaving the Debtors no alternative other than to seek judicial enforcement of the discharge injunction.

74. With knowledge of the Debtors' discharge, Paulson failed to cease collection efforts as mandated by the discharge injunction by pursuing collection through the Minnesota lawsuit filed June 16, 2017, and litigated through the dismissal and entry of judgment on April 10, 2018 in favor of Debtors for additional legal fees of $1,060.00. Schallenkamp is a resident of Minnesota and to prevent Paulson from filing yet another lawsuit on behalf of Schallenkamp against Debtors for the collection of the subject loan, Debtors have no alternative other than to seek judicial enforcement of the discharge injunction.

---

[6] www.eichlawoffice.com/areas-practice. Last visited 05/26/2019 at 1:07 p.m.

75. With knowledge of the Debtors' discharge, Eich has failed to cease collection efforts, as mandated by the discharge injunction, by pursuing collection of the subject debt through the South Dakota lawsuit filed June 29, 2018, and continuing a course of aggressive litigation to date. Such conduct leaves the Debtors no alternative other than to seek judicial enforcement of the discharge injunction.

76. Schallenkamp's repeated violations of the discharge injunction in disregard of the Bankruptcy Code demonstrates egregious behavior in arrogant defiance of the Bankruptcy Code and its mandates.

77. Paulson's and Eich's willful and deliberate violations of the discharge injunction in disregard of the Bankruptcy Code demonstrates egregious behavior in arrogant defiance of the Bankruptcy Code and its mandates.

78. In order for the discharge injunction to be meaningful, it must be enforced by this Honorable Court, or else it becomes optional and frustrates Congress' goal in providing a "fresh start" to unfortunate debtors.

## DAMAGES

79. Debtors have suffered and continue to suffer emotional distress, mental anguish, and anxiety as a direct result of the unlawful collection practices of Schallenkamp and his attorneys, Paulson, and Eich.

80. Schallenkamp's numerous emails, text messages, attempted harassing phone calls, and text messages to Debtors' minor daughter's cell phone have severely disrupted Debtors' daily lives.

81. Schallenkamp's filing of two identical collection lawsuits in Minnesota and South Dakota has severely disrupted Debtors' daily lives since June 2017.

82. Debtors have been unduly inconvenienced and harassed by Schallenkamp's unlawful attempts to collect a discharged debt for over five years, including attempts to collect the discharged debt through state court litigation for almost two years.

83. Debtors have been unduly inconvenienced by requiring Debtors to expend numerous hours in meetings and communications with their Minnesota and South Dakota attorneys in defending the Minnesota and South Dakota lawsuits.

84. Debtors have been unduly inconvenienced and harassed by Paulson's and Eich's unlawful attempts to collect a discharged debt through the filings and prosecution of the Minnesota and South Dakota lawsuits, respectively.

85. Debtors have been required to retain local counsel to defend Debtors in the Minnesota and South Dakota lawsuits filed by Schallenkamp and his attorneys, Paulson and Eich, respectively, and as a result, Debtors have incurred legal fees and costs.

86. Debtors also incurred costs associated with their meeting with Christina Banyon, CKB Lawyers, and the December 13, 2018 notice sent to Robin Eich.

87. Debtors have been required to seek the assistance of the undersigned counsel to cease the collection efforts of Schallenkamp, Paulson and Eich.

88. To protect its authority, and to give Debtors the relief that Congress contemplated, this Honorable Court should act promptly and firmly to stop conduct that violates 11 U.S.C. §524 as to not render the discharge injunction obsolete or optional.

89. In order to protect the spirit of the discharge order as contemplated by Congress, this Court must impose civil contempt sanctions against Schallenkamp and his attorneys, Paulson and Eich, for their brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees.

**WHEREFORE,** Steven Lee Sorensen and Tina L. Sorensen, having set forth their claims for relief against Keith A. Schallenkamp, Paulson Law Firm PLLC and Eich Law Office, Prof. LLC, respectfully pray of the Court as follows:

a. That this Honorable Court enter an order enjoining Schallenkamp, Paulson, and Eich from attempting to collect upon the subject loan from Debtors;
b. That this Honorable Court enter an order directing Schallenkamp, Paulson, and Eich to pay Debtors' actual damages resulting from the Minnesota and South Dakota lawsuits filed in violation of 11 U.S.C. §524;
c. That this Honorable Court enter an order directing Schallenkamp, Paulson and Eich to pay to Debtors a sum determined by the Court for punitive damages for violations of 11 U.S.C. §524;
d. That this Honorable Court enter an order directing Schallenkamp, Paulson and Eich to pay a sum determined by the Court to Debtors for all reasonable legal fees and expenses incurred by Debtors' undersigned attorneys for violations of 11 U.S.C. §524; and
e. That Debtors be provided such other and further relief as the Court may deem just and proper.

Dated: May 31, 2019               */s/ Majdi Y. Hijazin*

Majdi Y. Hijazin, *Of Counsel*
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mhijazin@hijazinlaw.com

*Counsel for Steven Lee Sorensen and
Tina L. Sorensen*

15