# Exhibit E

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF SIBLEY | FIRST JUDICIAL DISTRICT |
| | CASE TYPE: 10 - OTHER CIVIL |
| Keith Allen Schallenkamp, | Court File No: 72-CV-17-145 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| Steven (aka Steve) Sorenson, Tina Sorenson and Shirley Schallenkamp, | |
| Defendants. | |

Comes now the Plaintiff for his causes of action:

### Parties

1. The Plaintiff Keith Schallenkamp is a natural person residing in Sibley County, Minnesota, who loaned the Defendants Steven and Tina Sorenson money. The transaction was brokered by Plaintiff's mother-in-law, Shirley Schallenkamp.

2. Steven Sorenson is a natural person and a resident of Illinois residing at 20033 S. Rosewood Drive, Frankfort, Illinois 60423.

3. Tina Sorenson is a natural person and a resident of Illinois residing at 20033 S. Rosewood Drive, Frankfort, Illinois 60423. Tina Sorenson and Steven Sorenson are married to each other.

4. Shirley Schallenkamp is a natural person and a resident of South Dakota, residing at 211 N. Idaho St., Salem South Dakota 57058. Shirley Schallenkamp is Steven Sorenson's mother.

### Venue

5. Venue is proper in Sibley County, Minnesota because the transaction took place in Sibley County and Plaintiff's funds were distributed from Sibley County.

1

## Facts

6. From July 3, 2009 to January 2012, Plaintiff made advancements of loans totaling $75,104.00 to Defendants Steve and Tina Sorenson, which Defendants acknowledged and agreed to repay with interest.

7. Shirley Schallenkamp arranged this transaction and induced Plaintiff to lend money to her son and daughter-in-law, the co-Defendants. Shirley Schallenkamp acted as a broker in this transaction.

8. All of the Defendants failed to disclose information to Plaintiff that would have caused him not to make the loan. The information not disclosed includes other debt of Defendant Steve Sorenson totaling over a million dollars, a lawsuit that Steve Sorenson participated in and the Defendants assured Plaintiff that he would have a stake in the money in the lawsuit.

9. Defendant Shirley Schallenkamp, upon information and belief, knew or should have known of Steven and Tina Sorenson's precarious financial situation.

10. Defendant Steven and Tina Sorenson subsequently filed a petition for bankruptcy in the Northern District of Illinois. On the bankruptcy petition, Defendant Steven and Tina Sorenson swore under penalty of perjury that their schedules were true and accurate.

11. This bankruptcy petition failed to list Plaintiff's correct address and listed a debt of $6,600.00 as the only debt owed. Plaintiff did not receive actual notice of the bankruptcy from Defendants Steven and Tina Sorenson at any time. He did receive notice of the bankruptcy some time in 2013 and investigated the circumstances.

12. Failure to list a debt on a bankruptcy means that the debt of $75,104.00 is not discharged pursuant to 11 U.S.C. section 523(a)(3). Failure to file a correct address of a debtor

13. During the pendency of the bankruptcy, and without Plaintiff's knowledge of the bankruptcy petition filed, Defendants continued to receive money from Plaintiff. Defendants contacted Plaintiff had a different address than they had listed in their bankruptcy schedules and knew that listing a false address for Plaintiff would fail to give him notice.

14. Though this Minnesota state court is without jurisdiction to enforce bankruptcy laws, failure to update addresses or otherwise notify the bankruptcy court of incorrect address may be a bankruptcy crime under 28 U.S.C. 152(4), filing a false oath. In any event, the patent inaccuracy of the Defendants' bankruptcy filing caused significant harm to Plaintiff because he could not participate in the Defendants' bankruptcy case.

15. Defendants have represented that they would pay Plaintiff every dime back. As of today, the Defendants Steven and Tina Sorenson have paid back only $3,800.00 despite having the means to pay back the amount owed.

## COUNT I: COMMON LAW FRAUD BY STEVEN AND TINA SORENSON

16. Plaintiff re-states and re-alleges the allegations set forth in paragraphs 1 through 15 and incorporates them by reference.

17. Defendants made misrepresentations to Plaintiff about their financial standing, their debt load and their ability to repay Plaintiff.

18. Defendants made false statements on their bankruptcy petition in regard to the debt of $6,600.00 when they knew it was much greater. They signed this under penalty of perjury.

19. Defendants's petition, schedules, and creditor matrix were false with regard to the debt owed to Plaintiff and Defendants gave a false address for Plaintiff that they knew to be false, thereby concealing the bankruptcy.

3

20. These representations by the Defendants were reasonable to Plaintiff. Plaintiff did not get actual notice of the bankruptcy until 2013.

21. Defendants also made representations that they were going to repay Plaintiff, both before, after, and during the bankruptcy. These representations were made along with payments in the sum of $3,800.00 thereby assuring Plaintiff that the debt would be paid. Plaintiff had reasonable reliance that the debt would be paid.

22. Plaintiff also had reasonable reliance because of family relationships and was assured that he would be repaid.

23. Because of the reasonable reliance, Defendants were able to continue the lending relationship to gain additional sums from Plaintiff without intending to repay the debt.

24. Because of the Defendant's fraudulent conduct, Plaintiff has damages in the amount of $75,104.00, less the $6,600.00 debt allegedly discharged in the bankruptcy, and less the $3,800.00 repaid on the debt after the bankruptcy was filed. Plaintiff has damages greater than $50,000 in an amount to be proved at trial.

## COUNT II: BREACH OF CONTRACT BY STEVEN AND TINA SORENSON

25. Plaintiff re-states and re-alleges the allegations set forth in paragraphs 1 through 24 and incorporates them by reference.

26. Plaintiff and Defendants Steven and Tina Sorenson entered into a contract in which Plaintiff lent Defendants money and the Defendants agreed to repay Plaintiff.

27. Defendants received $75,104.00 and have repaid only $3,800.00.

28. Defendants acknowledged several times over the life of the loan that they would repay the balance in full.

4

29. As of this amended complaint, Defendants are in breach of that loan agreement.

30. Because of the Defendants' breach, Plaintiff has damages in the amount of $71,304.00.

### COUNT III: BREACH OF FIDUCIARY DUTY BY SHIRLEY SCHALLENKAMP

31. Plaintiff re-states and re-alleges the allegations set forth in paragraphs 1 through 30 and incorporates them by reference.

32. Shirley Schallenkamp at all times in the loan transaction represented that Steven and Tina Sorenson were good credit risks and could pay back the loans.

33. Defendant Shirley Schallenkamp has admitted to introducing her co-Defendants to Plaintiff.

34. As the bona fide broker of the transaction, Shirley Schallenkamp owed a fiduciary duty to Plaintiff.

35. Shirley Schallenkamp was responsible for maintaining the broker arrangement with the Plaintiff even to her own detriment.

36. Plaintiff reasonably relied on Shirley Schallenkamap's warranties and representations to his detriment.

37. Through Shirley Schallenkamp's fraud during the broker-client relationship, Defendant breached her fiduciary duty by misrepresenting the loan, the solvency of her son and daughter, and the fact that she had actual knowledge of Steven and Tina Sorenson's bankruptcy but failed to disclose it.

38. Because of Shirley Schallenkamp's breach of her fiduciary duty, Plaintiff has damages in an amount greater than $50,000.00.

### OTHER ACTIONS OR DAMAGES

39. Plaintiff acknowledges that discovery is pending and upon examination of that discovery reserves the right to plead additional causes of action or additional facts as is necessary to prove the fraud and breach of contract actions.

5

**THEREFORE**, Plaintiff prays the court :

1. Award a judgment for Plaintiff for damages against Defendants Steven and Tina Sorenson for nonpayment of the loan in an amount greater than $50,000.00

2. Award a judgment for Plaintiff for fraud to be found against Defendants Steven and Tina Sorenson joint and severally in an amount greater than $50,000.00,

3. Award a judgment against Defendant Shirley Schallenkamp for breach of fiduciary duty in an amount greater than $50,000.00.

4. Award Attorney's fees for enforcing this debt; and

5. Award any other remedy in law and equity as justice so requires.

DATED:  9/11/2017          **Paulson Law Firm PLLC**

                                                   /s/ Jon E. Paulson
                                                 Jon E. Paulson
                                                 Attorney License No. 0390157
                                                 1434 Appaloosa Trail
                                                 Eagan, MN 55122
                                                 651-260-8215 (Phone)
                                                 paulsonlawfirmpllc@gmail.com
                                                 **ATTORNEY FOR PLAINTIFF**

## ACKNOWLEDGEMENT

The undersigned, on behalf of Plaintiff, hereby acknowledges that sanctions may be imposed pursuant to Minn. Sta. § 549.211.

                                                 By:

                                                 /s/ Jon E. Paulson
                                                 Jon E. Paulson (#0390157)

**Paulson Law Firm PLLC**
1434 Appaloosa Trail
Eagan, MN 55122
651-260-8215
**ATTORNEY FOR PLAINTIFF**