# Exhibit F

| STATE OF SOUTH DAKOTA ) | IN CIRCUIT COURT |
|---|---|
| :SS | |
| COUNTY OF McCOOK    ) | FIRST JUDICIAL CIRCUIT |

KEITH ANTHONY SCHALLENKAMP,          CIV. 18-

    Plaintiff,

vs.

                                VERIFIED COMPLAINT

STEVEN SORENSON, TINA SORENSON,
AND SHIRLEY SCHALLENKAMP,

    Defendants.

    Comes now the Plaintiff, Keith Allen Schallenkamp, by and through his attorney, Robin M. Eich, of Eich Law Office, Prof. LLC., and for his cause of action against the Defendants, Steven Sorenson, Tina Sorenson, and Shirley Schallenkamp, states and alleges the following:

    1.    Keith Allen Schallenkamp, ("Plaintiff"), is an individual residing in Mankato, Sibley County, Minnesota.

    2.    Defendants Steven Sorenson and Tina Sorenson's last known address was Frankfort, Illinois.

    3.    Defendant Shirley Schallenkamp's last known address was Salem, South Dakota.

    4.    From July, 2009 to January, 2012, Plaintiff made advancements of loans to Defendants totaling seventy-five thousand one hundred four dollars and no cents ($75,104.00).

    5.    Defendants promised to repay Plaintiff the amount of seventy-five thousand one hundred four dollars and no cents ($75,104.00), with interest.

    6.    To date, Defendants have only repaid Plaintiff three thousand eight hundred dollars and no cents ($3,800.00) of the seventy-five thousand one hundred four dollars and no cents ($75,104.00), plus interest, owed.

    7.    Defendants owe Plaintiff seventy-five thousand one hundred four dollars and no cents ($75,104.00) minus three thousand eight hundred dollars and no cents ($3,800.00), for a total of seventy-one thousand three hundred four dollars and no cents ($71,304.00) plus interest for the loan made.

*Schallenkamp v. Sorenson et al.; CIV. 18-*
*Verified Complaint*

8. All of the Defendants acknowledged that the money loaned to Defendants was a personal loan to be repaid with interest. Plaintiff trusted that Defendants would repay the money to Plaintiff.

9. Prior to Plaintiff loaning Defendants Steven Sorenson and Tina Sorenson the money, all of the Defendants failed to disclose information to Plaintiff that would have caused him not to make the loan. Said information included debt belonging to Defendant Steven Sorenson totaling over one million dollars and no cents ($1,000,000.00) and the risky financial situation that Defendants were in.

10. Defendant Shirley Schallenkamp, upon information and belief, knew or should have known of Defendants Steven Sorenson and Tina Sorenson's precarious financial situation and failed to disclose the same.

11. Defendants have acknowledged via various communications that Defendants owe the money to Plaintiff. Plaintiff has given them ample opportunity to pay the debt owed but Defendants Steven Sorenson and Tina Sorenson have not continued to pay on the loan.

12. Subsequently, Defendants Steven Sorenson and Tina Sorenson filed a petition for bankruptcy in the Northern District of Illinois. On said petition, Defendants Steven Sorenson and Tina Sorenson swore under penalty of perjury that their schedules were true and accurate.

13. Plaintiff did not receive proper notice of the bankruptcy from Defendants Steven Sorenson and Tina Sorenson, as the petition included an incorrect address for him. During the pendency of the bankruptcy, and without Plaintiff's knowledge of said petition being filed, Defendants Steven Sorenson and Tina Sorenson continued to contact Plaintiff at his correct address, which was not listed on the bankruptcy schedules. Plaintiff feels that Defendants intentionally sent the documents to an incorrect address.

14. The petition for bankruptcy filed by Defendants Steven Sorenson and Tina Sorenson also listed the debt owed to Plaintiff in the amount of six thousand dollars and no cents ($6,000.00). During the pendency of the bankruptcy, and without Plaintiff's knowledge of said petition being filed, Defendants Steven Sorenson and Tina Sorenson continued to receive money from Plaintiff.

15. Upon information and belief, Plaintiff alleges that by intentionally listing an incorrect address for him in their bankruptcy petition, Defendants Steven Sorenson and Tina Sorenson knew that he would not receive proper notice of the pending bankruptcy filing. The

*Schallenkamp v. Sorenson et al.; CIV. 18-*
*Verified Complaint*

actions of Defendants Steven Sorenson and Tina Sorenson caused significant harm to Plaintiffs because he was thereby unable to participate as a creditor in the bankruptcy case.

## COUNT I - BREACH OF CONTRACT

16. The above allegations are incorporated as if fully set forth herein.

17. Plaintiff loaned Defendants a total of seventy-five thousand one hundred four dollars and no cents ($75,104.00), which they agreed to repay, with interest.

18. Defendants failed to pay on the loans as agreed upon.

19. To date, Defendants have only repaid Plaintiff three thousand eight hundred dollars and no cents ($3,800.00) of the seventy-five thousand one hundred four dollars and no cents ($75,104.00), plus interest, owed.

20. Plaintiff has been damaged in an amount to be determined by the jury at trial.

## COUNT II - FRAUD AND DECEIT

21. The above allegations are incorporated as if fully set forth herein.

22. Defendants indicated to Plaintiff that Defendants would repay Plaintiff the money they were loaned, with interest.

23. Defendants committed fraud and deceived the Plaintiff in regards to the true and accurate financial situation of Defendants and also their ability to repay the money plus interest to Plaintiff.

24. Defendant Shirley Schllenkamp made statements to Plaintiff inducing him to loan the money to Defendants.

25. Defendants were not honest with Plaintiff.

26. Defendants Steven Sorenson and Tina Sorenson made false statements on their bankruptcy petition in regards to the amount owed to Plaintiff and Plaintiff's correct address.

27. Plaintiff has been damaged in an amount to be determined by the jury at trial.

## COUNT III - BREACH OF FIDUCIARY DUTY

28. The above allegations are incorporated as if fully set forth herein.

29. Defendant, Shirley Schallenkamp, as the bona fide broker of the financial transaction, owed a fiduciary duty to Plaintiff.

3

*Schallenkamp v. Sorenson et al.; CIV. 18-*
*Verified Complaint*

30. Defendant Shirley Schallenkamp was responsible for maintaining the broker arrangement with the Plaintiff.

31. Defendant Shirley Schallenkamp represented to Plaintiff that Defendants Steven Sorenson and Tina Sorenson were good credit risks and could repay the loan.

32. Plaintiff reasonably relied on Defendant Shirley Schallenkamp's warranties and representations to his detriment.

33. By and through Defendant Shirley Schallenkamp's fraud during the broker-client relationship, she breached her fiduciary duty by misrepresenting the loan, the abilities of Defendants Steven Sorenson and Tina Sorenson to repay the loan, and her lack of disclosure of the bankruptcy filing of Defendants Steven Sorenson and Tina Sorenson.

34. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment be rendered against Defendants Steven Sorenson and Tina Sorenson, in the amount of seventy-one thousand three hundred four dollars and no cents ($71,304.00), plus prejudgment interest;

2. A judgment be rendered against Defendant Shirley Schallenkamp for breach of fiduciary duty in an amount to be determined at trial;

3. A judgment be rendered against all Defendants for fraud in an amount to be determined at trial;

4. In an amount of damages to be determined by the jury at trial;

5. For Plaintiff's costs and disbursements herein, including, without limitation, attorney fees and expenses; and

6. For such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated this _____ day of June, 2018.

4

*Schallenkamp v. Sorenson et al.: CIV. 18-*
*Verified Complaint*

EICH LAW OFFICE, PROF. LLC

By: _____
Robin M. Eich
700 N. Vandemark Ave., Ste. 108
Hartford, SD 57033
Telephone: (605) 528-3000
Facsimile: (605) 528-3001
Robin@eichlawoffice.com
*Attorney for the Plaintiff*

## VERIFICATION

STATE OF Minnesota )
                    ) :SS
COUNTY OF Scott    )

Keith Anthony Schallenkamp, being first duly sworn, upon his oath deposes and states that he is the Plaintiff in the above and foregoing Verified Complaint, that he has read the same and knows the contents thereof, and that the statements therein are true and correct to his own knowledge and belief.

Dated this 26th day of June, 2018.

_____
Keith Anthony Schallenkamp

Subscribed to and sworn before me on this 26th day of June, 2018.

_____
Notary Public-
My commission expires: 1/31/19

KEITH RONALD GILBERT
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/19

5