## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 11-bk-33448 |
| | ) |
| STEVEN LE SORENSEN, and | ) Honorable Judge: PAMELA HOLLIS |
| TINA L. SORENSEN, | ) |
| | ) |
| Debtors. | ) Chapter: 7 |

### NOTICE OF MOTION

To:   Majdi Y. Hijazin
    Sulaiman Law Group, Ltd.
    2500 S. Highland Ave., Suite#200
    Lombard, IL 60148
    email: mhijazin@hijzinlaw.com

YOU ARE HEREBY NOTIFIED that on the __9th__ day of __August__, 2019, at 10:00 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Pamela Hollis on the second floor at the Joliet Village Hall located at 150 W. Jefferson St., Joliet, IL and then and then and there present for hearing *instanter* the attached: Motion to Strike Debtor's Motion Pursuant to 11 U.S.C. Sections 524 and 105 for Violations of the Discharge Injunction and Fed.R.Barnkr.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office, Prof. LLC for Failure to Comply with Local Bankruptcy Rule 9020-1, at which time and place you may appear if you so desire.

_/s/ James J. Siwek_
JAMES J. SIWEK
7667 W. 95th St., Suite 209
Hickory Hills, IL 60457
708-308-1473

### PROOF OF SERVICE BY EMAIL

The undersigned attorney certifies that a copy of the above Notice of Motion and any attachments were served upon the named person shown above by sending the same via email to Majdi Y. Hijazin to email address mhijazin@hijzainlaw.com, on the __12th__ day of __July,__ 2019.

_/s/ James J. Siwek_
JAMES J. SIWEK

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 11-bk-33448 |
| STEVEN LE SORENSEN, and | Honorable Judge: PAMELA HOLLIS |
| TINA L. SORENSEN, | (Joliet Village Hall, 2nd Floor) |
| | Status Date: August 9, 2019 |
| | at 10:15 A.M. |
| Debtors. | Chapter: 7 |

**MOTION TO STRIKE DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECTIONS 524 AND 105 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED.R.BANKR.P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT AGAINST KEITH A. SCHALLENKAMP, PAULSON LAW FIRM, PLLC, AND EICH LAW OFFICE, PROF. LLC FOR FAILURE TO COMPLY WITH LOCAL BANKRUPTCY RULE 9020-I**

NOW COMES one the Debtor's unsecured creditors in their Chapter 7 case, KEITH A. SCHALLENKAMP, by and through his attorney, JAMES J. SIWEK of the SIWEK LAW OFFICE, LTD., pursuant to Local Bankruptcy Rules of the Northern District of Illinois Rules 1000-2 (A) and 9020-1(A)(1), (hereinafter respectfully cited "LBR 1000-2" and as "LBR Rule 9020-1"); and moves this Court to Strike the Debtor's Motion Pursuant to 11 U.S.C. sections 524 and 105 for violations of the Discharge Injunction and Fed.R.BANKR.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office, PROF.LLC filed in the above shown cause on May 31, 2019; and in support thereof states as follows:

## STATEMENT OF FACTS

1. That Debtors filed their petition for relief on under Chapter 7 of Title 11 of the United States Code on Aug. 16, 2011 in the above shown case number.

2. MR. SCHALLENKAMP was listed as an unsecured creditor in the Debtors aforesaid Ch. 7 bankruptcy as an unsecured creditor in the amount of $6,000.

3. On July 31, 2012, Debtors received a discharge of all dischargeable debts pursuant to 11 U.S.C. Sec. 727.

4. On May 31, 2019, Debtors filed their Motion Pursuant to 11 U.S.C. sections 524 and 105 for violations of the Discharge Injunction and Fed.R.BANKR.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office, PROF.LLC for filing two lawsuits in Minnesota and South Dakota against the Debtors.

5. That Debtor's aforementioned Motion, *inter alia*, seeks sanctions against MR. SCHALLENKAMP pursuant to Fed.Bankr.P. 9020 for Civil Contempt.

6. That Debtor's aforesaid Motion does not include an Affidavit as required by LBR 9020-1.

## LEGAL ARGUMENTS PURSUANT TO LBR 9020-1

7. "The Local Bankruptcy Rules for the Northern District of Illinois are promulgated by the district court and the bankruptcy court pursuant to Fed.R. Civ.

2

P. 83 and Fed. R. Bankr. P. 9029. They ...will govern procedure in the bankruptcy court, and in the district court in all bankruptcy cases and proceedings ... These Rules will be construed to secure the expeditious and economical administration of every case within the district under the Bankruptcy Code and the just, speedy, and inexpensive determination of every proceeding therein." LBR 1000-2.

8. The court has authority to enforce local rules as they see fit and need not warn or inform counsel of its failure to follow a local rule. "Compliance is mandatory, and failure of such can be fatal." Citing Waldridge v. Am. Hoechat Corp., 24 F.3d 918, 924 (7th Cir., 1994) where the court found facts deemed admitted in summary judgment proceeding where a party failed to follow the local rules, and Transamerica Corp. V. National Union Fire Ins. Co. 143 F.R.D 189, 191 (N.D. Ill. 1992) where the court struck a memorandum for **"for failure to follow local rules."** In re Kelco Metals, Inc., 532 B.R. 912, 921-922, LEXIS 2314, 21 (N.D. Ill, Eastern Divl, 2015). Even a pro-se party must following the federal and local procedural rules, let alone an attorney. Thorton v. Lake, 2018 U.S. Dist. LEXIS 90163, 4 (N.D. Ill., Eastern Div., 2018.)

9. Pursuant to LBR 9020-1, "A contempt motion must be accompanied by an affidavit describing the alleged misconduct on which it is based, stating the total of any monetary claim occasioned thereby, and listing each special item of damage sought to be recovered."

10. Debtor's aforesaid motion is not accompanied by a affidavit that lists the total of any claim alleged by debtors. It merely requests that MR. SCHALLENKAMP and

3

his former attorneys to pay for "actual" damages caused by the filing of lawsuits against the debtor's in his Minnesota and South Dakota lawsuits, without including any itemization of actual time spent and attorney fees allegedly incurred by Debtor's attorneys in the two aforementioned state lawsuits. Thus defeating the purpose of LBR 1000-2 to "secure the expeditious and economical administration fo every case ... and the just, speedy and inexpensive determination of every proceeding therein."

11. That Debtor's aforesaid motion should therefore be stricken in its entirety for failure to comply with LBR 9020-1 as hereinabove described.

WHEREFORE, the Debtor respectfully prays for the following relief:

A. That the Debtor's Motion Pursuant to 11 U.S.C. sections 524 and 105 for violations of the Discharge Injunction and Fed.R.BANKR.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office, PROF.LLC be stricken in its entirety ; and

B. For any and further relief as this court deems met and just.

_____
JAMES J. SIWEK, attorney for
KEITH A. SCHALLENKAMP

JAMES J. SIWEK
THE SIWEK LAW OFFICE, LTD.
7667 W. 95th St., Suite 209
Hickory Hills, IL 60457
708-308-1473

4