UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In Re:<br><br>Steven Le Sorenson, and Tina L. Sorenson,<br><br>Debtors. | Chapter 7<br>Bankruptcy No.    11-bk-33448<br>Adversary. No.<br><br>**RENEWED MOTION TO STRIKE DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECTIONS 524 AND 105 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPTA GAINST KEITH A. SCHALLENAMP, PAULSON LAW FIRM , PLLC, AND EICH LAW OFFICE, PROF. LLC FOR FAIULTER TO COMPLY WITH LOCAL BANKRUPTCY RULE 9020-1 AND FAILURE TO PLEAD DAMAGES** |

1. This Response is filed by Jon Paulson and Paulson Law Firm PLLC in the above-captioned Chapter 7 case.  The Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns claims against the Debtor, pursuant to 28 U.S.C. § 1334.  This proceeding is a core proceeding.

2. Paulson Law Firm PLLC is a single member LLC owned by Jon Paulson, an attorney licensed to practice in Minnesota.  He is the sole owner and member.

3. As an introductory matter, Paulson Law Firm PLLC denies that service has been accomplished upon it correctly, and thus this Response may not be ripe.

4. Jon Paulson also denies that service has been accomplished upon him and thus this Response may not be ripe.

5. Defendant Jon Paulson, upon information and belief, is responding because Debtors have attempted to make him personally liable in this action. Defendant Jon Paulson denies he is personally liable because the pleading standard has not been met. Defendant Jon Paulson is not captioned in the Debtors' Motion for Contempt but has no choice but to respond.

6. Paulson Law Firm PLLC and Jon Paulson join with Defendant Keith Schallenkamp and move for a motion to dismiss the Debtor's motion for contempt.

7. According to Schallenkamps's Motion, "The Local Bankruptcy rules for the Northern District of Illinois are promulgated by the district court and the bankruptcy court pursuant to Fed. R. Civ. P. 83 and Red. R. Bankr. P. 9029. They..will govern procedure in the bankruptcy court, and in the district court in all bankruptcy cases and proceedings…These Rules will be construed to secure the expeditious and economical administration of every case within the district under the Bankruptcy Code and the just, speedy, and inexpensive determination of every proceeding therein. LBP 1000-2." Motion of Keith Schallenkamp at 2:7.

8. Continuing, "The Court has authority to enforce local rules as they see fit and need not warn or inform counsel of its failure to follow a local rule. 'Compliance is mandatory, and failure of such can be fatal.' *Waldridge v. Am. Hoechat Corp.*, 24 F. 3d 918, 924 (7th cir. 1994) where the court found facts deemed admitted in

summary judgment proceeding where a party failed to follow the laocal rules, and *Transamaerica Corp. v. National Union Fire Ins. Co*. 143 FRD 189, 191 (N.D. Ill. 1992) where the court struck a memorandum for failure to follow local rules." *In re Kelco Metals, Inc*., 532 B.R. 912, 921-922, LEXI 2314, 21 (N.D. Ill. Eastern Div. 2015). Even a pro se party must follow the federal local and procedural rules, let alone an attorney. (N.D. Ill. Eastern Div. 2018).

9. Pursuant to LBR 9020-1, "A contempt motion must be accompanied by an affidavit describing the alleged misconduct on which it is based stating the total of any monetary claim occasioned thereby, and listing each special items of damage sought to be recovered."

10. After receiving Mr. Schallenkamp's response, the Debtors missed their reply deadline by over a week. More to the point, the affidavit of Steven Sorenson fails to mention any monetary amount regarding damages except for the total he was billed in attorney's fees.

11. Debtor's motion fails to list even one dollar of damages the Debtor alleges he has spent. He has failed to list any attorney's fees until his affidavit was produced last week. In that affidavit, the attorney's fees are not itemized. The affidavit also fails to list any other damages for emotional distress. It also fails to include a measure for punitive damages. All of the Debtor's pleading stands in contravention of the "just, speedy and inexpensive determination of every proceeding therein" that the court should be able to make.

12. Therefore, for failure to follow the local rules not once but TWICE, the Debtor's

motion should be stricken in its entirety and dismissed with prejudice.

13. Paulson Law Firm PLLC denies each and every allegation as stated in the Debtor's Motion for Contempt except as specifically admitted, qualified, denied, or states without knowledge or belief, in which case the pleading is denied.

14. Paulson Law Firm PLLC believes paragraphs 1-6 require no response. Should these items need to be answered Paulson Law Firm PLLC admits.

15. Paulson Law Firm PLLC denies paragraphs 7-10 and require strict proof thereof at trial.

16. Paulson Law Firm PLLC admits paragraph 11.

17. Paulson Law Firm PLLC denies paragraph 12-14 in their entirety and demands strict proof thereof at trial.

18. Paulson Law Firm PLLC admits paragraph 15-17.

19. Paulson Law Firm PLLC denies the allegations in paragraphs 18-25 and demands strict proof thereof at trial. Debtors debt was not discharged by operation of 11 U.S.C. section 523(a)(3) because Debtors failed to schedule their debt.

20. Paulson Law Firm PLLC has no knowledge of paragraphs 26-43 in their entirety and so therefore deny.

21. Paulson Law Firm PLLC admits paragraph 44 and 45 though denies that that is what happened in the instant case.

22. Paulson Law Firm PLLC believes paragraphs 46-49 are legal conclusions and arguments and so therefore deny.

23. Paulson Law Firm PLLC admits in paragraph 50 that is the legal standard for

punitive damages but denies that those punitive damages apply to this case. Sorenson objected but sent no Rule 9011 "safe harbor" warning, and no communication of any sort that he would seek sanctions. Sorenson is therefore estopped from seeking a motion for contempt under 11 U.S.C. §105.

24. Paulson Law Firm PLLC denies paragraphs 51-55 in they are legal conclusions not supported by facts or the law.

25. Paulson Law Firm PLLC denies paragraph 56's legal conclusion in that Sorenson failed to properly schedule the debt and properly notice creditor Keith Schallenkamp.

26. Paulson Law Firm PLLC denies paragraph 57-59 in their entirety and demands strict proof thereof at trial.

27. Paulson Law Firm PLLC has no knowledge of paragraphs 60-61 and therefore denies those paragraphs in their entirety.

28. Paulson Law Firm PLLC denies paragraph 62 in its entirety and demands strict proof thereof at trial.

29. Paulson Law Firm PLLC has no knowledge of paragraphs 63-65 and therefore denies those paragraphs in their entirety.

30. Paulson Law Firm PLLC denies paragraph 66-69 in their entirety and demands strict proof thereof at trial.

31. Paulson Law Firm PLLC has no knowledge of paragraphs 70-71 and therefore denies those paragraphs in their entirety.

32. Paulson Law Firm PLLC denies paragraph 72 in its entirety and demands strict

proof thereof at trial.

33. Paulson Law Firm PLLC denies paragraph 72 in its entirety and demands strict proof thereof at trial.

34. Paulson Law Firm PLLC has no knowledge of paragraph 73 and therefore denies that paragraph in its entirety.

35. Paulson Law Firm PLLC denies paragraph 74 in its entirety and demands strict proof thereof at trial. There are no collection efforts ongoing from Paulson Law Firm PLLC. The period to appeal has run. See Minn. R. Civ. P. 52. There were no attorney's fees awarded to Debtors, but instead costs given to the prevailing party pursuant to Minn. Stat. 549.02.

36. Paulson Law Firm PLLC has no knowledge of paragraphs 75-76 and therefore denies those paragraphs in their entirety.

37. Paulson Law Firm PLLC denies paragraphs 77-89 in their entirety and demand strict proof thereof at trial. Debtor/Plaintiff failed to plead these damages with particularity pursuant to *Iqbal v. Ashcroft* 490 F3d 390 (2009). "Finding that the standards set forth in *Twombly* applied to Iqbal's complaint, the court stated that two principles provide the basis for *Twombly*. First, the court must accept as true all well-pleaded factual allegations in the complaint (but need not accept the truthfulness of legal conclusions). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. When the complaint contains well-pleaded facts, the "court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Edward D. Johnson, *Ashcroft v. Iqbal: New Pleading Standards and Motions for Relief*, ABA

6

Journal online at

https://apps.americanbar.org/litigation/litigationnews/trial_skills/pretrial-ashcroft-iqbal-pleading-motions-dismiss.html.

38. In this case, damages are not pleaded plausibly to show that the Plaintiff/Debtor is entitled to relief. In the initial motion, NO damages are listed for emotional distress, for attorney's fees, for special damages—in this case punitive—or for any matter that was pleaded. Rather, these were listed in a conclusory and perfunctory manner, wasting the court's time and the Defendant's time as well.

39. It is well-settled that the bankruptcy court has authority to award attorney's fees under 11 U.S.C. 105(a). *See In re Clark*, 223 F.3d 859 (8th Cir. 2000). But coupled with that is the general notion that awards are to deter, rather than compensate. *In re Kujawa*, 256 B.R. 598 (B.A.P. 8th Cir. 2000). Plaintiffs are looking for compensation.

40. Based on the Plaintiffs' bare, conclusory pleading, there are only conclusory, speculative damages. No concrete damages have been pleaded. Additionally, the Plaintiffs did not submit an affidavit that supports the allegations contained in the motion for civil contempt. Civil Contempt must be proven by clear and convincing evidence. The Plaintiffs have failed to provide that clear and convincing evidence.

41. Plaintiffs have failed to plead their attorney's fees in this matter. Likewise, they make no showing that there were emotional damages. Last, they make only legal conclusions about punitive damages, relying on one case with extremely different

facts. Plaintiffs have also failed to plead damages with any sort of specificity under Rule 8(a)(2).

## DEFENDANT PAULSON LAW FIRM PLLC'S DEFENSES, AND AFFIRMATIVE DEFENSES

42. Paulson Law Firm PLLC pleads the following defenses and affirmative defenses and incorporates the denials set forth in the rest of his Answer by reference.

43. Sorenson has failed to plead a cause of action with particularity, pursuant to the holdings in *Iqbal and Twomey*, et. seq. and as such the damages listed should be stricken from the complaint.

44. Sorenson has failed to plead damages with particularity, pursuant to the holdings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and as such the damages listed should be stricken from the complaint.

45. Sorenson has failed to produce any averments for his Complaint, no affidavits and no evidence to support his claim for damages.

46. Defendant has failed to state a claim upon which relief may be granted.

47. Debtor filed his bankruptcy petition in bad faith, in another means to hinder, delay, or defraud creditors.

48. Defendant's actions are barred by Defendant's fraud.

49. Defendant submitted an entirely incomplete and upon information and belief, possibly false bankruptcy petition and plan. Defendant has unclean hands and does not have the remedies defectively pleaded available to him.

50. Defendant violated the letter and spirit of the Debtor's Bankruptcy Petition he signed under penalty of perjury and should be sanctioned for such actions

**WHEREFORE**, Paulson Law Firm PLLC prays that the bankruptcy court:

1. Find that the Sorenson's actions in submitting incomplete or false schedules in their chapter 7 did not allow discharge of the debt to creditor Keith Schallenkamp.
2. DENY all claims for attorney's fees procedurally and on the merits for Sorenson.
3. DENY all claims for emotional injury procedurally and on the merits for Sorenson.
4. DENY all claims for punitive damages procedurally and on the merits for Sorenson.
5. Grant such other relief to the Defendant Paulson Law Firm PLLC as the Court deems just and proper.

## **VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

_/e/ Jon E. Paulson _____           Date: ___8/30/2019_
Jon E. Paulson

Dated:  8/30/2019                              /e/ Jon E. Paulson

9

Paulson Law Firm PLLC
860 Blue Gentian Road
Suite 200
Eagan, MN 55121
Appearing *Pro Se*
651-260-8215
paulsonlawfirmpllc@gmail.com
MN Attorney Reg. No. 0390157

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
|  | Chapter 7 |
| Bankruptcy No. | 11-bk-33448 |
| Adversary. No. |  |

In Re: )
)
)
Steven Le Sorenson, and Tina L. )
Sorenson, )
)
) **MEMORANDUM OF LAW IN**
Debtors. ) **SUPPORT OF MOTION TO DISMISS**
)
)
)
)
)
)
)
)
)

### Sorenson is not an "unfortunate but honest debtor" that deserves relief under Bankruptcy Rules 105 or for a discharge violation

Sorenson was sued by Keith Schallenkamp for payments on loans made before, during and after the Sorensons' bankruptcy. The Sorensons deceived the court by listing the debt to Keith Schallenkamp as $6,000.00. The debtors did not amend their filings at any time, relying on the so-called "no harm, no foul" rule that covers debts owed in a no asset case.

A fresh start is for an "honest and unfortunate" debtor, not a dishonest one. As the Affidavit of Keith Schallenkamp demonstrates, the Sorensons failed to schedule their debt properly, failed to notify Keith Schallenkamp of the debt until the bankruptcy case was fully closed, affirmed to the court facts that are inaccurate. The debtors signed their bankruptcy

11

petition under penalty of perjury and from the face of the complaint have now admitted that it was false.

This leaves the question open about how many other false statements the debtors put forth to the court. Did the debtors actually have no assets or were they hiding assets? What other property did they fail to schedule? How much money did they borrow from Keith Schallenkamp in the six months before their bankruptcy? And why did they use an address that was calculated NOT to give notice to Schallenkamp? These questions should put to bed the notion that the Sorensons are honest and unfortunate. With their unclean hands, they cannot now turn this on the Defendants and pretend that they have suffered damages. The Sorensons took over $72,000.00 from Keith Schallenkamp and then ran to bankruptcy court to discharge it, while sending false notice to Schallenkamp to a dead address.

Debtors rely on the no-harm, no foul rule to prosecute this discharge injunction. Their reading of the law is that their discharge injunction protects even unscheduled and un-noticed debts. This is a false belief.

The Debtors failed to schedule and notice the debt of Schallenkamp. Because of that, 11 U.S.C. 523(a)(3)(B) applies. The Debtors DO NOT get the protection of the bankruptcy court.

> In the achievement of that purpose, sub-part (B) is applicable only where a debt of the type described in subsections (2), (4) or (6) was neither listed nor scheduled in time to permit the filing of a proof of claim or the filing of a complaint to determine dischargeability, and the creditor did not know about the case within that time. So sub-part (B) protects two rights: the right to file a proof of claim and the right to obtain a determination of the dischargeability of a debt in those instances where that right might otherwise be lost by reason of the passage of time. *See, Padilla, 84 B.R. at 196*. 6 *In re: Mendiola*, 99 B.R. 864, 869-870 (U.S. Bankr. Ct. N.D. Ill. 1989)

The court also cites a footnote, which explains the logic of why the debt is NOT discharged:

Although this court generally agrees with the analysis in *Padilla,* it disagrees with that court's conclusion that dischargeability under *Section 523(a)(3)(B)* must be determined by the bankruptcy court. *Padilla* reaches that conclusion because *Section 523(c)* requires that the Bankruptcy Court, and no other Court, determine dischargeability under subsections (2), (4), and (6). That is certainly the general rule of exclusive jurisdiction over subsections (2), (4) or (6) matters. But *Section 523(c)*, by its own terms, does not apply to *Section 523(a)(3)(B)* claims. Therefore, the exclusive jurisdiction provisions of *Section 4007(c)* is also inapplicable, since that Rule applies only to complaints under *Section 523(c)*, not to complaints under *Section 523(a)(3)(B)*. In effect, a debtor who failed to list a creditor loses the jurisdictional and time-limit protections of *Sections 523(c)* and *Rule 4007(b)* with respect to that creditor. *Mendiola* at 870.

It was Congressional intent not to wrest exclusive control of unscheduled debts in the hands of the bankruptcy court. The guidance from the Mendiola case is clear—unscheduled debts are not subject to discharge or protection from the bankruptcy court.

Therefore, the debts that went unscheduled in regard to the Schallenkamp loan are not discharged. That would account for approximately $66,000.00 owed that would not be discharged REGARDLESS of the no harm, no foul rule. And since the bankruptcy court does not have exclusive jurisdiction over 11 U.S.C. 523(a)(3)(B) debts, Schallenkamp's actions to pursue the debtors in state court was NOT a discharge violation.

Schallenkamp's pleading in state court demanded over $50,000 and included another defendant. The rules in regard to pleading in Minnesota are found in the Minnesota Rules of Civil Procedure.

### 8.01 Claims for Relief

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought; if a recovery of money is demanded, the amount shall be stated. Relief in the alternative or of several different types may be demanded. If a recovery of money for unliquidated damages is demanded in an amount less than $50,000, the amount shall be stated. If a recovery of money for unliquidated damages in an amount greater than $50,000 is demanded, the pleading

shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought.  Minn. R. Civ. P. 8.01

In the Minnesota state summons and complaint, damages were listed as more than $50,000.  Because $66,000.00 were owed by the Sorensons, and, at the time, additional unknown damages were owed by Shirley Schallenkamp, this was proper pleading.

Even if the court finds that the 60,000.00 "typo" in the debtors' bankruptcy petition was an "honest mistake," damages against all defendants would still be above the $50,000.00 threshold.  Therefore, there is no discharge violation because the $50,000.00 included Shirley Schallenkamp's willful breach of fiduciary duty in this matter, which could be more than $72,000.00 alone.

In the state court action in Minnesota, debtors had ample time to mount a discharge violation defense and failed to do so.  They have thus waived their right to do so now.  The doctrine of laches also applies because they waited more than two years to file their complaint.  This shows they were attempting to skirt the bankruptcy court's power because they knew they had unclean hands when they filed their bankruptcy.  Paulson Law Firm PLLC did not appeal the decision of the Minnesota Court, so there is nothing more that can be done on this set of facts in Minnesota.

It is clear to see that there has been no discharge violation by Paulson Law Firm PLLC. The bankruptcy court does not have exclusive jurisdiction over unscheduled and unnoticed debts pursuant to *Mendiola*.  Therefore this case should be dismissed on the merits with prejudice.

**Sorenson has failed to plead damages with particularity**

14

Sorenson has failed to plead a cause of action with particularity, pursuant to the holdings in *Iqbal and Twomey*, et. seq. and as such the damages listed should be stricken from the complaint. Even after being given leave to amend, the damages against Paulson Law Firm PLLC only apply to the state court action, which the Sorenson's would have had to answer anyway, because they had not fully repaid the debt from Schallenkamp they took post-filing.

Sorenson has failed to plead damages with particularity, pursuant to the holdings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and as such the damages listed should be stricken from the complaint. None of the alleged damages from emotional distress have been pleaded in a way that shows they had any emotional distress. They are mere conclusions which are STILL unsupported by any evidence.

**<u>Punitive damages are inappropriate against Paulson Law Firm PLLC</u>**

Punitive damages should be applied only when an entity or person has willfully violated Section 362 of the bankruptcy code. Because of the arguments regarding dischargeable debts, Paulson Law Firm PLLC's actions were not willful violations. Paulson Law Firm PLLC made a legal argument. According to the caselaw cited in this memorandum, the actions of Schallenkamp and Paulson Law Firm PLLC were in good faith. Paulson Law Firm PLLC believes that the money owed is the money that the Sorensons failed to properly schedule, regardless of the no harm no foul rule because the bankruptcy court doesn't have exclusive jurisdiction for unscheduled debts. While this is a narrow carve-out, the carve out does exist and protects the creditor from claims the creditor violated the automatic stay. In addition, Paulson Law Firm PLLC is not a creditor in this case.

Debtors have cited no caselaw in their briefs that support a finding of punitive damages where an entity makes a legal argument and Paulson Law Firm PLLC reserves the rights to make

a full defense should these items be briefed. Paulson Law Firm PLLC has practiced bankruptcy law since 2009 and has furnished its research on the case, above. The cases cited by the debtors reference cases where the creditors DID NOT make legal arguments under 11 U.S.C. 523(a)(3)(B). All of the debtors' arguments are conclusory, with no basis in the facts of this case. Paulson Law Firm PLLC urges the bankruptcy court to find that the debtors have waived their argument regarding punitive damages because they are missing essential elements of their claim.

Likewise, the action in Minnesota was dismissed for jurisdictional reasons—Keith Schallenkamp was a resident of South Dakota at the time of the Sorensons' bankruptcy filing. No attorney's fees were awarded, as Debtors allege, but costs were awarded to the prevailing party. *See* Minn. Stat. 549.02.

The debtors' attorney has included falsity in its pleadings regarding the debtors award of costs—should the bankruptcy court find that to be true, sanctions against the debtor's law firm would be appropriate and necessary to curb the abusive practices of debtor lawfirms attempting to besmirch and bedevil good faith collection efforts from dishonest debtors.

## **VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

/e/ Jon E. Paulson _____          Date: ___8/30/2019
Jon E. Paulson

Dated:  8/30/2019                         /e/ Jon E. Paulson

Paulson Law Firm PLLC
860 Blue Gentian Road
Suite 200
Eagan, MN 55121
Appearing *Pro Se*
651-260-8215
paulsonlawfirmpllc@gmail.com
MN Attorney Reg. No. 0390157