IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:

| | | |
|---|---|---|
| STEVEN LEE SORENSEN, <br> TINA L. SORENSEN, <br><br> Debtor(s) | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. 11-bk-33448 <br> Honorable LaSonda A. Hunt <br> (Joliet City Hall, 2nd Floor) <br> Status Date: February 4, 2020, <br> at 9:30 a.m. <br><br> Chapter 7 |

_____

**MEMORANDUM OF LAW IN SUPPORT OF EICH LAW OFFICE, PROF. LLC'S RENEWED MOTION TO STRIKE DEBTORS' MOTION PURSUANT TO 11 U.S.C. SECTIONS 524 AND 105 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED.R.BANKR.P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT AGAINST KEITH A. SCHALLENKAMP, PAULSON LAW FIRM, PLLC, AND EICH LAW OFFICE, PROF. LLC FOR FAILURE TO COMPLY WITH LOCAL BANKRUPTCY RULE 9020-1 AND FAILURE TO PLEAD DAMAGES**

COMES NOW Robin M. Eich, of Eich Law Office, Prof. LLC, in support of Eich Law Office, Prof. LLC's Renewed Motion to Strike Debtors' Motion Pursuant to 11 U.S.C. Sections 524 and 105 for Violations of the Discharge Injunction and Fed.R.Bankr.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office, Prof. LLC for Failure to Comply with Local Bankruptcy Rule 9020-1 and Failure to Plead Damages and states as follows:

**Debtors failed to comply with the Local Bankruptcy Rules of the Northern District of Illinois Rules 1000-2 (A) and 9020-1**

Debtors filed a Debtors' Motion Pursuant to 11 U.S.C. Sections 524 and 105 for Violations of the Discharge Injunction and Fed.R.Bankr.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office,

1

Prof. LLC ("Debtors' Motion") on May 31, 2019. Pursuant to Rule 9020-1(A)(2) of the Local Bankruptcy Rules of the Northern District of Illinois, "A contempt motion must be accompanied by an affidavit describing the alleged misconduct on which it is based, stating the total of any monetary claim occasioned thereby, and listing each special item of damage sought to be recovered. A reasonable counsel fee, necessitated by the contempt proceeding, may be included as an item of damage."

Debtors' Motion was not accompanied by the required affidavit describing the alleged misconduct on which it is based, stating the total of any monetary claim occasioned thereby, and listing each special item of damage sought to be recovered. It also did not include an itemized listing of the damages sought to be recovered. Debtors' Motion is not in compliance with Rule 9020-1(A)(2) of the Local Bankruptcy Rules of the Northern District of Illinois and should be stricken and dismissed in its entirety.

The Affidavit of Steven Lee Sorensen in Support of Debtors' Motion Pursuant to 11 U.S.C. Sections 524 and 105 for Violations of the Discharge Injunction and Fed.R.Bankr.P. 9020 Seeking Sanctions for Civil Contempt Against Keith A. Schallenkamp, Paulson Law Firm, PLLC, and Eich Law Office, Prof. LLC (Sorensen's Affidavit) was filed on August 1, 2019, a timeframe of approximately sixty-two (62) days after the Debtors' Motion was filed and served on the parties. Sorensen's Affidavit also did not include the alleged misconduct on which Debtors' Motion is based, stating the total of any monetary claim occasioned thereby, and listing each special item of damage sought to be recovered and was not timely filed or served on the parties. Sorensens' Affidavit should be given no consideration in the proceedings herein.

Debtors have failed to  Debtors have failed to plead a cause of action with particularity, pursuant to *Iqbal and Twomey, et. seq.* and as such, the Debtors' Motion should be stricken in its

2

entirety and Sorensen's Affidavit should be given no consideration. Debtors have failed to plead damages with particularity, pursuant to *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and as such, the Debtors' Motion should be stricken in its entirety and Sorensen's Affidavit should be given no consideration.

**Debtors filed their Chapter 7 bankruptcy petition in bad faith to hinder, delay, or defraud Keith A. Schallenkamp.**

Keith A. Schallenkamp ("Schallenkamp") loaned money to Debtors before, during, and after the filing of their Chapter 7 bankruptcy petition. Debtors acknowledged that the money loaned to them was a personal loan to be repaid with interest. Schallenkamp trusted that Debtors would repay the money to him. Schallenkamp did not receive proper notice of the bankruptcy from Debtors as the petition included an incorrect address for him. During the pendency of the bankruptcy, and without Schallenkamp's knowledge of said petition being filed, Debtors continued to contact Schallenkamp at his correct address, which was not listed on the bankruptcy schedules. Debtors intentionally sent the documents to an incorrect address.

Further, the petition for bankruptcy filed by Debtors listed the debt owed to Schallenkamp in the amount of six thousand dollars and no cents ($6,000.00). During the pendency of the bankruptcy, and without Schallenkamp's knowledge of said petition being filed, Debtors continued to receive money from Schallenkamp. Upon information and belief, the total amount loaned to Debtors from Schallenkamp totaled approximately seventy-five thousand one hundred four dollars and no cents ($75,104.00). Despite being aware of the incorrect amount listed on their bankruptcy petition, Debtors made no attempt to correct the said amount to be discharged, thereby failing to schedule and notice the debt of Schallenkamp.

3

Because of Debtors' attempts to hinder, delay, and defraud Schallenkamp by listing an incorrect address for him to ensure that he did not receive timely notice of the bankruptcy filing and by scheduling an incorrect amount in regards to the debt owed to Schallenkamp, they are not privy to protection of the bankruptcy court by and through the assumption of the "no harm, no foul rule" oftentimes relied upon debtors regarding his or her discharge injunction, pursuant to U.S.C. 523(a)(3)(B).

### The money loaned to Debtors by Schallenkamp after the Chapter 7 bankruptcy petition was filed should not be included as discharged debt

Debtors filed for bankruptcy on August 16, 2011. The first meeting of creditors was held on September 8, 2011. Schallenkamp was not aware of said meeting of creditors because he was not given proper notice of the bankruptcy filing. Debtors' debt was partially discharged on July 31, 2012, and the bankruptcy case was closed on August 3, 2012. Schallenkamp continued to loan money to Debtors after they filed for bankruptcy, specifically from September, 2011, through January, 2012. As such, the money loaned to Debtors after the bankruptcy filing commenced should definitely not be included in the discharge because that part of the loan was not in existence at the time of filing for bankruptcy and should not be included in the discharge.

The only debts discharged under 11 U.S.C. §727 are debts arising before the filing of a bankruptcy petition. There are exceptions, which are treated as pre-petition debts and which are not applicable in the instant matter. *Id.* Debtors will receive relief from those post-petition debts only if the court sets aside their discharge and the debtors dismiss and refile their bankruptcy petition. *Id.* A bankruptcy court cannot set aside a discharge in order to allow debtors to dismiss and refile. *Id.* An Order granting a debtor a bankruptcy discharge is a final judgment. *Id.* By

setting aside a discharge, a bankruptcy court would frustrate legitimate expectations of post-petition creditors that arise from such a final judgment.  <u>In re Flack</u>, 19 B.R. 251, 253; 1982 Bankr. LEXIS 4533.

The money loaned to Debtors from September, 2011, through January, 2012, was loaned after the bankruptcy petition was filed on August 16, 2011.  These funds should be considered post-petition debts and treated as such.  Schallenkamp was entitled to recover these sums, as they were not included in the discharge on July 31, 2012, and they cannot be included as a violation of the discharge injunction.  Moreover, this undischargeable debt is one in which Schallenkamp retained Eich Law Office, Prof. LLC to represent him in obtaining additional discovery and possible repayment of monies loaned to Debtors in the South Dakota civil matter.

**<u>Punitive damages against Eich Law Office, Prof. LLC are not appropriate</u>**

Much like Rule 9029-4B of the Local Bankruptcy Rules of the Northern District of Illinois, as an attorney duly licensed to practice law in the State of South Dakota, Robin M. Eich, of Eich Law Office, Prof. LLC, is required to uphold the South Dakota Rules of Professional Responsibility ("Rules") as adopted by the South Dakota Supreme Court. Schallenkamp contacted Eich Law Office, Prof. LLC and after the initial consultation, was advised that he should retain an attorney who handles bankruptcy law in the Northern Division of Illinois to assist him via that route.  Schallenkamp was adamant that he wanted to file a civil lawsuit in South Dakota.  A lawsuit was filed and discovery commenced.

In representing Schallenkamp, Eich Law Office, Prof. LLC was well within the scope of the Rules.  Eich Law Office, Prof. LLC is not liable for any alleged violations of the discharge injunction and should not be sanctioned for civil contempt.  Not all of the monies loaned to

Debtors by Schallenkamp was discharged in their Chapter 7 bankruptcy proceeding because it was loaned after the petition was filed. The actions of Schallenkamp and Eich Law Office, Prof. LLC were in good faith and not willful violations of the bankruptcy code. Further, South Dakota was the proper venue for the civil matter, and as an attorney licensed to practice in the State of South Dakota, Robin M. Eich, represented Schallenkamp accordingly.

## **VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and documents, and verify that the information contained in them is true and correct to the best of my knowledge.

Dated this 7th day of November, 2019.

EICH LAW OFFICE, PROF. LLC

By: /s/ Robin M. Eich
Robin M. Eich
700 N. Vandemark Ave., Ste. 108
Hartford, SD 57033
Telephone: (605) 528-3000
Facsimile: (605) 528-3001
Email: Robin@eichlawoffice.com