**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | Case No. 11-bk-33448 |
| STEVEN LEE SORENSEN, | Chapter 7 |
| TINA L. SORENSEN, | Honorable LaShonda A. Hunt |
| Debtor(s) | |

## JOINT PRETRIAL STATEMENT

In accordance with the Court's January 28, 2021 Amended Final Pretrial Order, Steven Lee Sorensen and Tina L. Sorensen, Debtors ("Debtors"), Keith Anthony Schallenkamp ("Schallenkamp"), Paulson Law Firm PLLC ("Paulson") and Eich Law Office, Prof. LLC ("Eich"), Respondents, by and through their respective counsel, submit following joint pretrial statement:

## DEBTORS' THEORY OF EACH CLAIM

Debtors' theory of this claim is simple. Schallenkamp, Paulson, and Eich each violated the discharge injunction in this case willfully. The conduct of Schallenkamp, Paulson, and Eich was objectively unreasonable by any standard. There is no fair ground of doubt the conduct violates the Court's discharge injunction.

The Respondents are expected to contend that Schallenkamp never had "proper notice" of the bankruptcy. However, Schallenkamp admits knowledge of the bankruptcy by "Spring of 2012." The application of the mailbox rule to the Bankruptcy Court's mailings and Steven Sorensen's affidavit at Doc. 54, ¶9 tend to prove that Schallenkamp received contemporaneous notice of the bankruptcy filing and the entry of the discharge order. However, even if the Sorensens conceded that Schallenkamp did not receive notice of the Bankruptcy until the Spring of 2012, that would have no bearing on the issues in this case.

The reason that the timing of notice of the bankruptcy filing is irrelevant concerns Schallenkamp's personal situation. Schallenkamp was on involuntary mobilization and deployment with the United States Army throughout 2012 until at least August of 2015. Therefore, the SCRA would have tolled Schallenkamp's time to file a nondischargeability action, even if the Court concluded that such an action would normally need to be brought within 60 days of the meeting of creditors. Therefore, Schallenkamp had at least 60 days beyond his release from active duty to file a nondischargeability action. Sorensens' counsel's pre-trial brief provides authority that there is no time limit on the filing of nondischargeability actions premised upon the fraud exception of 11 USC 523(a)(3)(B)(2) or the willful and malicious injury exception found at 11 USC 523(a)(3)(B)(6). These appear to be the only two sections that could have applied to Schallenkamp's position in this case.

Paulson has contended that this debt was not discharged pursuant to 11 USC 523(a)(3). Sorensen's counsel presumes Paulson is referencing either subpart (B)(2) or (B)(6). Paulson has stated this debt was not discharged because Schallenkamp did not get proper notice and the amount scheduled was less than the amount owed. The hearing will demonstrate this position is legally and factually frivolous. First, because this was a no-asset case, the amount scheduled by Sorensen is irrelevant to the discharge. Second, if Paulson is arguing that 11 USC 523(a)(3)(B) applies to this case then there is no time limit bar to the filing of a nondischargeability proceeding so the date of notice to Schallenkamp, even if the Spring of 2012, had no impact on his rights to seek a nondischargeability determination in this Court. Further, the Code grants this Court exclusive jurisdiction to determine whether a debt under 523(a)(3)(B) is dischargeable.

Therefore, if Schallenkamp, Paulson and Eich believed the Sorensen debt was not dischargeable in bankruptcy, the Code required them to have this Court answer that question. No

reasonable attorney could seek that determination elsewhere. This makes the filing of the state court collections actions in Minnesota and South Dakota objectively unreasonable by any standard.

Schallenkamp has demonstrated that he has the knowledge and skill to properly pursue a nondischargeability action. Schallenkamp pursued such an action, pro se, in the Southern District of Texas in October of 2015. His filings in that case indicate that he was still involuntarily mobilized and therefore under the protections of the SCRA. Schallenkamp ultimately prevailed on the nondischargeability action in Texas. Yet, Schallenkamp, Paulson, and Eich have never filed any nondischargeability action in this case.

Paulson is an experienced bankruptcy practitioner. He has no excuse for his conduct. He knew or should have known the Code required him to submit any nondischargeability action to this Court for determination. His conduct is objectively unreasonable.

Eich has admitted that she has no practical knowledge of bankruptcy law or procedure. Eich's discovery responses and documents tend to show that Schallenkamp had knowledge that his stepmother, Shirley Schallenkamp, who is also Steven Sorensen's mother, was coming into an inheritance from Schallenkamp's father. Schallenkamp wanted the South Dakota litigation pursued by Eich to create pressure on Steven and his mother to pay off Schallenkamp with funds from his father's inheritance.

The totality of the evidence arising from Eich's conduct will show that Schallenkamp appeared to be driving Eich's actions and that Eich allowed Schallenkamp to control the litigation without conducting appropriate and reasonable inquiries or being reasonably competent regarding the impact of the discharge injunction on the State court litigation. Sorensens' counsel expects the evidence to demonstrate serious lapses in professional responsibility on the part of Eich that have

continued to the present date. This includes filing an amended complaint that still alleges a cause of action based upon pre-petition conduct filed after this contempt motion was filed.

## SCHALLENKAMP'S THEORY OF EACH CLAIM AND DEFENSES

The Debtors claim that their theory of this claim is simple. However, the facts are not as simple as claimed by the Debtors and the facts favor Schallenkamp, Paulson and Eich. The primary issue for Trial is whether there is a objectionably reasonable basis for the conduct of Schallenkamp, Paulson and Eich.  Schallenkamp discerns the objectionably reasonable basis significant doubt as to the wrongfulness of the conduct of Schallenkamp, Paulson and Eich.

The Debtors excuse the improper notice issues in this case and made intentional misrepresentations to Schallenkamp about the Bankruptcy filing itself. In addition to the misrepresentations, the Debtors continued to solicit loan funds from Schallenkamp during and after the pendency of this Bankruptcy case without ever mentioning the Bankruptcy filing in any capacity.  The error in amount of the loan and the additional requests for funds post-petition are just some of the intentional misrepresentations and fraud that the Debtors utilized to gain an advantage over Schallenkamp. This Motion for Civil Contempt is another example of the manipulative actions that the Debtors takes to push their advantage. It cannot be ignored that from 2011 through 2015 Schallenkamp focused on his duties in the US military.  Schallenkamp, at that time, only wanted to temporarily assist his new family members.

The evidence at Trial will show that the address used by the Debtor on the Notice of Chapter 7 Bankruptcy Case to Schallenkamp was to an Army Battalion PO Box. This PO Box was used for Battalion business only. Schallenkamp did not receive the Notice. Schallenkamp resided in South Dakota at an address known at the time of the date of relief by Debtor through Shirley Schallenkamp. The Bankruptcy Code tells this Court that notice by Debtors to a Creditor via an

incorrect address is not effective until brought to the attention of the Creditor (11 USC 342(g)(1). The mailbox rule suggested by Debtors above is not applicable pursuant to 11 USC 342(g)(1) when the address is incorrect as in this case.

Schallenkamp is a non-attorney military officer with no knowledge of Bankruptcy Law or Procedure prior to this Motion for Civil Contempt was filed. The clear advice from both Paulson and Eich to Schallenkamp was the filing of the lawsuits in Minnesota and South Dakota were not in violation of the Discharge Injunction. This was explained to be true as a result of the ineffective notice and 11 USC 523(a)(3)(B). Although there is clear case law in the Northern District of Illinois regarding the effect of a no asset case and 11 USC 523(a)(3)(B) that is not the law in every jurisdiction. Treatment of Notice can be different in every Judicial District throughout the United States.

The Debtors argue that Schallenkamp's efforts in acting pro se somehow demonstrate some Bankruptcy knowledge that is superior to an attorney's. This is not the case and Schallenkamp was aided in the Texas matter by a kind Judge.

Schallenkamp has acted in good faith and acted in objectively reasonable basis on his attorneys advice. Contrary to the actions of Schallenkamp, the Debtors have made intentional misrepresentations regarding their financial condition and the loans made by Schallenkamp. The Debtors should be barred from any recovery based on the facts above, unclean hands and equitable estoppel. All of the arguments presented relate to liability (whether there has been a violation of the discharge injunction).  No proof of damages have been tendered or discussed leaving to the only viable conclusion that there are no damages.

## PAULSON LAW FIRM PLLC'S THEORY OF EACH CLAIM AND DEFENSES

The Debtors are not entitled to any damages in this case. Their claim fails to set out any actual damages suffered by the Debtors and the facts at bar do not meet the criteria for awarding punitive damages against a creditor who may have violated a discharge order.  Pursuant to Local Bankruptcy Rule  9020-1, "A contempt motion must be accompanied by an affidavit describing the alleged misconduct on which it is based stating the total of any monetary claim occasioned thereby, and listing each special items of damage sought to be recovered."  After receiving Mr. Schallenkamp's response, the Debtors missed their reply deadline by over a week.  More to the point, the affidavit of Steven Sorenson fails to mention any monetary amount regarding damages except for the total he was billed in attorney's fees.  The Plaintiffs failed to amend their complaint or motion in any fashion.

Debtor's motion fails to list even one dollar of damages the Debtor alleges he has spent. He has failed to list any attorney's fees until his affidavit was produced last week.  In that affidavit, the attorney's fees are not itemized.  The affidavit also fails to list any other damages for emotional distress. It also fails to include a measure for punitive damages. All of the Debtor's pleadings stand in contravention of the "just, speedy and inexpensive determination of every proceeding therein" that the court should be able to make. The Debtor's claims should be stricken in their entirety and dismissed with prejudice.

Likewise, Debtors failed to describe any damages other than attorney's fees in their Interrogatories or other discovery. After three bites at the apple, the Debtors' claims should be dismissed and all damages awards should be denied.

Debtors debt was not discharged by operation of 11 U.S.C. section 523(a)(3) because Debtors failed to schedule their debt.  Paulson Law Firm PLLC denies that punitive damages apply

to this case. The Debtors sent no Rule 9011 "safe harbor" warning, and no communication of any sort that they would seek sanctions during the pendency of the case in Minnesota. Sorenson is therefore estopped from seeking a motion for contempt under 11 U.S.C. §105.

Sorenson failed to properly schedule the debt and properly notice creditor Keith Schallenkamp. Schallenkamp pursued the Minnesota action because he believed the debt had not been discharged. There are no collection efforts ongoing from Paulson Law Firm PLLC related to the Minnesota litigation and there were no attorney's fees awarded to Debtors in the Minnesota litigation, just court costs given to the prevailing party pursuant to Minn. Stat. 549.02.

Debtors failed to plead any damages with particularity pursuant to *Iqbal v. Ashcroft* 490 F3d 390 (2009). "Finding that the standards set forth in *Twombly* applied to Iqbal's complaint, the court stated that two principles provide the basis for *Twombly*. First, the court must accept as true all well-pleaded factual allegations in the complaint (but need not accept the truthfulness of legal conclusions). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. When the complaint contains well-pleaded facts, the "court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Edward D. Johnson, *Ashcroft v. Iqbal: New Pleading Standards and Motions for Relief*, ABA Journal online at https://apps.americanbar.org/litigation/litigationnews/trial_skills/pretrial-ashcroft-iqbal-pleading-motions-dismiss.html.

In this case, damages are not pleaded plausibly to show that the Plaintiff/Debtor is entitled to relief. Continuing on to this trial, NO damages have been listed for emotional distress, for attorney's fees, for special damages—in this case punitive—or for any matter that was pleaded. Rather, these were listed in a conclusory and perfunctory manner, and DO NOT meet the pleading standard.

It is well-settled that the bankruptcy court has authority to award attorney's fees under 11 U.S.C. 105(a). *See In re Clark*, 223 F.3d 859 (8th Cir. 2000). But coupled with that is the general notion that awards are to deter, rather than compensate. *In re Kujawa*, 256 B.R. 598 (B.A.P. 8th Cir. 2000). Plaintiffs are looking for compensation, a payday after defrauding Keith Schallenkamp. Based on the Plaintiffs' bare, conclusory pleading, there are only conclusory, speculative damages. No concrete damages have been pleaded. Additionally, the Plaintiffs did not submit an affidavit that supports the allegations contained in the motion for civil contempt. Civil Contempt must be proven by clear and convincing evidence. The Plaintiffs have failed to provide that clear and convincing evidence and cannot do so at trial.

Plaintiffs have failed to plead their attorney's fees in this matter. Likewise, they make no showing that there were emotional damages. The standard for awarding punitive damages against a creditor who has violated a discharge order is quite high. The Supreme Court has ruled that "a court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct." (*Taggart v. Lorenzen* 18-489 US. Sup. Ct. 2019). Last, they make only legal conclusions about punitive damages, relying on one case with extremely different facts. Plaintiffs have also failed to plead damages with any sort of specificity under Rule 8(a)(2).

### DEFENDANT PAULSON LAW FIRM PLLC'S DEFENSES AND AFFIRMATIVE DEFENSES

1.     Sorenson has failed to plead a cause of action with particularity, pursuant to the holdings in *Iqbal and Twomey*, et. seq. and as such the damages listed should be stricken from the complaint.

2.      Sorenson has failed to plead damages with particularity, pursuant to the holdings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and as such the damages listed should be stricken from the complaint.

3.      After discovery, Sorenson has failed to produce any averments for his Complaint, no affidavits and no evidence to support his claim for damages. His discovery lists very little in terms of damages—only attorney's fees with very little detail.

4.      Defendant has failed to state a claim upon which relief may be granted.

5.      Debtor filed his bankruptcy petition in bad faith, in another means to hinder, delay, or defraud creditors.

6.      Defendant's actions are barred by Defendant's fraud.

7.      Defendant submitted an entirely incomplete and upon information and belief, possibly false bankruptcy petition and plan. Defendant has unclean hands and does not have the remedies defectively pleaded available to him.

8.      Defendant violated the letter and spirit of the Debtor's Bankruptcy Petition he signed under penalty of perjury and should be sanctioned for such actions by dismissing this case in its entirety.

   **WHEREFORE**,  Paulson Law Firm PLLC prays that the bankruptcy court:

1. Find that the Sorenson's actions in submitting incomplete or false schedules under penalty of perjury in their chapter 7 did not allow discharge of the debt to creditor Keith Schallenkamp.

2. DENY all claims for attorney's fees procedurally and on the merits for Sorenson.

3. DENY all claims for emotional injury procedurally and on the merits for Sorenson.

4. DENY all claims for punitive damages procedurally and on the merits for Sorenson.

5. DISMISS this case in its entirety on the merits and on procedural grounds.

6. Grant such other relief to the Defendant Paulson Law Firm PLLC as the Court deems just and proper.

## EICH LAW OFFICE, PROF. LLC'S THEORY OF EACH CLAIM AND DEFENSES

Eich Law Office behaved reasonably throughout its representation of Schallenkamp and the Debtors are not entitled to any damages resulting from the actions of Eich Law Office. Schallenkamp did not receive proper notice of the bankruptcy petition and their debt to Schallenkamp was not properly scheduled. Eich Law Office never attempted to collect any debts that were subject to the discharge order and behaved diligently when made aware of the discharge issue. Eich Law Office filed a claim in South Dakota courts on behalf of Schallenkamp, but never intended to collect any debt that had been discharged by the bankruptcy court.

Eich alleges all affirmative defenses and argues that the doctrine of equitable estoppel can be used if: "(1) the party to be estopped is aware of the facts; (2) the party to be estopped intended its act of omission to be acted upon; (3) the party asserting estoppel did not have knowledge of the facts; and (4) the party asserting estoppel reasonably relied on the conduct of the other party to his or her own substantial injury." In Re Parker, 264 B.R. 685, 692 (B.A.P. 10th Circuit, 2001). Sorensens knew that they had filed for bankruptcy and continued to ask Schallenkamp for additional monies to be paid to them. Sorensens never informed Schallenkamp of their bankruptcy proceeding and intentionally sent the notice to an incorrect address. The Sorensens continued to promise Schallenkamp that they would repay him. It was part of this enticement and promises that enticed Schallenkamp to provide additional money to Sorensens. Shirley Schallenkamp assisted Sorensons in enticing money from Schallenkamp.

A civil lawsuit was filed in the Circuit Court, First Judicial Circuit, County of McCook, State of South Dakota on June 28, 2018. Eich had numerous written and oral communications with Keith Schallenkamp about the possible applicability of the discharge order to the amount loaned. On June 7 2019, A Motion to Dismiss Monies Loaned and Subsequently Discharged Through the Bankruptcy Proceeding was filed. The Sorensons resisted that motion and  no order was issued on that motion.  On January 3, 2020 a Motion to Amend Verified Complaint was filed, along with a supporting affidavit.  The verified complaint made clear that the South Dakota litigation only sought to collect debts not discharged by the bankruptcy court.

## DEFENDANT EICH LAW OFFICE DEFENSES
## AND AFFIRMATIVE DEFENSES

1.      Sorenson has failed to plead a cause of action with particularity, pursuant to the holdings in *Iqbal and Twomey*, et. seq. and as such the damages listed should be stricken from the complaint.

2.      Sorenson has failed to plead damages with particularity, pursuant to the holdings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and as such the damages listed should be stricken from the complaint.

3.      After discovery, Sorenson has failed to produce any averments for his Complaint, no affidavits and no evidence to support his claim for damages.  His discovery lists very little in terms of damages—only attorney's fees with very little detail.

4.      Defendant has failed to state a claim upon which relief may be granted.

5.      Debtor filed his bankruptcy petition in bad faith, in another means to hinder, delay, or defraud creditors.

6.      Defendant's actions are barred by Defendant's fraud.

7.     Defendant submitted an entirely incomplete and upon information and belief, possibly false bankruptcy petition and plan.  Defendant has unclean hands and does not have the remedies defectively pleaded available to him.

8.     Defendant violated the letter and spirit of the Debtor's Bankruptcy Petition he signed under penalty of perjury and should be sanctioned for such actions by dismissing this case in its entirety.

**WHEREFORE**,  EICH LAW OFFICE prays that the bankruptcy court:

1.  Find that the Sorenson's actions in submitting incomplete or false schedules under penalty of perjury in their chapter 7 did not allow discharge of the debt to creditor Keith Schallenkamp.

2.  DENY all claims for attorney's fees procedurally and on the merits for Sorenson.

3.  DENY all claims for emotional injury procedurally and on the merits for Sorenson.

4.  DENY all claims for punitive damages procedurally and on the merits for Sorenson.

5.  DISMISS this case in its entirety on the merits and on procedural grounds.

6.  Grant such other relief to the Defendant Paulson Law Firm PLLC as the Court deems just and proper.

## STATEMENT OF STIPULATED FACTS

1.     The Court has subject matter jurisdiction over this proceeding pursuant to 11 U.S.C. §§ 105, 524, and 28 U.S.C. §§ 157 and 1334. This proceeding arises out of and is related to the above-captioned Chapter 7 case under Title 11.

2.     This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) & (2).

3.     Steven Lee Sorensen's mother, Shirley Schallenkamp, is the widow of Keith Schallenkamp's father.

4.      Shirley Schallenkamp is 89 years old.

5.      Despite the Sorensens and Keith Schallenkamp being related by marriage, they have actually never met in person.

6.      Sorensen filed a wrongful termination lawsuit against his former employer, MF Global, and others (*Sorensen v. Greg Arenson, et al.*, Cook County Circuit Court, Law Division, Case Number 2009-L-012205).

7.      Sorensen's wrongful termination lawsuit was dismissed with prejudice.

8.      Sorensen filed an appeal.

9.       MF Global, was facing a massive liquidity crisis which resulted in MF Global filing for Chapter 11 bankruptcy.

10.     Between July 2009 and August 5, 2011, Schallenkamp loaned approximately $72,084.00 to the Debtors ("pre-petition loan").

11.     The Debtors filed their Chapter 7 bankruptcy on August 16, 2011 in the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

12.     Schallenkamp was scheduled as an unsecured creditor in the Debtors' Chapter 7 bankruptcy.

13.     Schallenkamp admits receiving verbal notice of the bankruptcy not later than "Spring of 2012." See Sorensen 0525, ¶4.

14.     Debtor's Chapter 7 was a *no-asset* bankruptcy as reported by the Chapter 7 Trustee in his June 26, 2012 Report of No Distribution.

15.     Schallenkamp loaned the Debtors and additional $3,020.00 between September 6, 2011 and January 2, 2012 without notice of the filing of the Bankruptcy Case.

16.     On July 31, 2012, Debtors received a discharge pursuant to 11 U.S.C. §727.

17.     On August 2, 2012, the BNC served creditors, with notice of Debtors' Chapter 7 discharge.

18.     From June 3, 2014 to April 20, 2015, the Debtors paid $3,800.00 to Schallenkamp towards the repayment of the post-petition loans.

19.     On or before June 2016, Schallenkamp retained counsel in Minnesota to file a civil lawsuit against the Debtors and Shirley Schallenkamp for the collection of monies loaned to the Debtors.

20.     On or about June 15, 2016, the Miller Law Firm, with the assistance of Schallenkamp, prepared a complaint, captioned *Keith Allen Schallenkamp v. Steven Sorenson, Tina Sorenson and Shirley Schallenkamp*, District Court, First Judicial District, County of Sibley, State of Minnesota.

21.     Jon E. Paulson, owner of Paulson Law Firm PLLC, was, at all times relevant to this matter, an attorney authorized to practice law in the State of Minnesota.

22.     A year later, on June 16, 2017, Paulson, for the benefit of Schallenkamp, filed the lawsuit against the Debtors for the collection of monies loaned to the Debtors. (File No. 72-DF-17-145) ("Minnesota lawsuit").

23.     Schallenkamp, by and through Paulson, filed an amended complaint in the Minnesota lawsuit.

24.     Upon defendants' motion (Sorensens and Shirley Schallenkamp), the Minnesota lawsuit was dismissed for lack of jurisdiction.

25.     Shortly after the dismissal of the Minnesota lawsuit, Schallenkamp retained Eich Law Office, Prof. LLC to file a civil lawsuit on his behalf.

26.     Eich Law Office, Prof. LLC ("Eich") is a Limited Liability Company owned by Robin Eich, an attorney authorized to practice law in the State of South Dakota.

27.     The lawsuit was filed in the Circuit Court, First Judicial Circuit, County of McCook, State of South Dakota and is styled *Keith Anthony Schallenkamp v. Steven Sorenson, Tina Sorenson and Shirley Schallenkamp*, Court File No. 44CIV18-000056 ("South Dakota lawsuit").

28.     On or about December 14, 2018, Eich forwarded Banyon's letter to Schallenkamp and recommended that Schallenkamp not pursue *any cause of action* other than for the collection of post-petition amounts loaned.

## STATEMENT OF DISPUTED MATERIAL FACTS

1.     Whether the actions and conduct of Schallenkamp, Paulson, and Eich violated the discharge injunction entered in the Sorensen Bankruptcy.

2.     If yes, whether the actions and conduct of Schallenkamp, Paulson, and Eich proximately caused any damages to the Sorensens.

3.     If yes, whether any sanctions should be imposed against Schallenkamp, Paulson, and Eich.

4.     If yes, the proper sanctions that should be imposed against Schallenkamp, Paulson, and Eich.

## DEBTORS' WITNESS LIST

| NAME, ADDRESS | PHONE, EMAIL | SUBJECT AREA | WILL OR MAY CALL TO TESTIFY |
|---|---|---|---|
| Steven Lee Sorensen 20033 S. Rosewood Drive Frankfort, IL 60423 | (708) 829-6540 s.sorensen2008@yahoo.com | Steven will testify with respect to the allegations in the Motion for Civil Contempt, and the effect of conduct by Schallenkamp, Paulson and Eich on him and his family. | Will Call |

| | | | |
|---|---|---|---|
| Tina L. Sorensen<br>20033 S. Rosewood Drive<br>Frankfort, IL 60423 | (708) 829-6560<br>tsorensen@emeraldsiteservices.com | Tina will testify with respect to the allegations in the Motion for Civil Contempt, and the effect of conduct by Schallenkamp, Paulson and Eich on her and her family. | Will Call |
| Amanda Sorensen<br>20033 S. Rosewood Drive<br>Frankfort, IL 60423 | (708) 821-7800<br>amanda.sorensen86@yahoo.com | Amanda will testify with respect to how Schallenkamp's text messages affected her and her parents. | Will Call |
| Keith A. Schallenkamp, Respondent | C/o Paul Bach, attorney | Schallenkamp is a respondent and has information with respect to his ongoing efforts to collect pre-petition monies from the Debtors. | Will Call |
| Jon E. Paulson<br>Paulson Law Firm PLLC, Respondent | C/o Frank Venis, attorney | Paulson is a respondent and has information with respect to his representation of Schallenkamp in the Minnesota lawsuit. | Will Call |
| Robin M. Eich<br>Eich Law Office, Prof. LLC, Respondent | C/o Frank Venis, attorney | Eich is a respondent and has information with respect to her representation of Schallenkamp in the South Dakota lawsuit. | Will Call |
| Any person listed on Respondents' witness lists but not named on Debtors' witness list | | | May Call |

## SCHALLENKAMP'S WITNESS LIST

| NAME, ADDRESS | PHONE, EMAIL | SUBJECT AREA | WILL OR MAY CALL TO TESTIFY |
|---|---|---|---|
| Keith Schallenkamp | C/o Paul Bach, attorney | Keith Schallenkamp will testify with respect to the allegations in the Motion for Civil Contempt | Will Call depending on testimony in Movant's Case in Chief |
| Jon E. Paulson | C/o Frank Venis, attorney | Paulson is a respondent and has information with respect to his representation of Schallenkamp in the Minnesota lawsuit. | Will Call depending on testimony in Movant's Case in Chief |
| Robin M Eich | C/o Frank Venis, attorney | Eich is a respondent and has information with respect to her representation of Schallenkamp in the South Dakota lawsuit. | Will Call depending on testimony in Movant's Case in Chief |
| Steven Lee Sorensen<br>20033 S. Rosewood Drive | C/o Nick Wooten, attorney | Steven Lee Sorensen will testify with respect to the | Will Call depending on |

| | | | |
|---|---|---|---|
| Frankfort, IL 60423 | | allegations in the Motion for Civil Contempt | testimony in Movant's Case in Chief |
| Tina L. Sorensen 20033 S. Rosewood Drive Frankfort, IL 60423 | C/O Nick Wooten, attorney | Tina Lee Sorensen will testify with respect to the allegations in the Motion for Civil Contempt | Will Call depending on testimony in Movant's Case in Chief |
| Amanda Sorensen 20033 S. Rosewood Drive Frankfort, IL 60423 | C/O Nick Wooten, Attorney | Amanda Sorensen will testify with respect to the allegations in the Motion for Civil Contempt | Will Call depending on testimony in Movant's Case in Chief |
| Any person listed on Debtors' or Paulson or Eich witness lists but not named on Schallenkamp's witness list | | | |

## PAULSON'S WITNESS LIST

| NAME, ADDRESS | PHONE, EMAIL | SUBJECT AREA | WILL OR MAY CALL TO TESTIFY |
|---|---|---|---|
| Jon E. Paulson Paulson Law Firm PLLC, Respondent | C/o Frank Venis, attorney | Paulson is a respondent and has information with respect to his representation of Schallenkamp in the Minnesota lawsuit. | Will Call |
| Any person listed on Debtors' or Paulson or Eich witness lists but not named on Schallenkamp's witness list | | | |

## EICH'S WITNESS LIST

| NAME, ADDRESS | PHONE, EMAIL | SUBJECT AREA | WILL OR MAY CALL TO TESTIFY |
|---|---|---|---|
| Robin M. Eich Eich Law Office, Prof. LLC, Respondent | C/o Frank Venis, attorney | Eich is a respondent and hasinformation with respect to her representation of Schallenkamp in the South Dakota lawsuit. | Will Call |
| Any person listed on Debtors' or Paulson or Eich witness lists but not named on Schallenkamp's witness list | | | |

## DEBTORS' EXHIBITS

| EXHIBIT | DATE OF DOCUMENT | DESCRIPTION OF DOCUMENT | OBJECTION TO ADMISSION, (IF SO, STATEMENT OF ASSERTED BASIS OF ADMISSIBILITY) |
|---|---|---|---|
| 1 | 08/16/2011 | Debtors' Schedule F - Creditors Holding Unsecured Nonpriority Claims (*DOC 41-1 Exhibit A to Motion for Contempt*) | No Objection |
| 2 | 08/17/2011 | BNC Notice of Debtors' Chapter 7 (*DOC 41-2, Exhibit B to Motion for Contempt*) | No Objection |
| 3 | 07/31/2012 | Discharge of Joint Debtors (*DOC 41-3, Exhibit C to Motion for Contempt*) | No Objection |
| 4 | 08/02/2012 | BNC Certificate of Notice - Discharge of Joint Debtors (*DOC 41-4, Exhibit D to Motion for Contempt*) | No Objection |
| 5 | 11/12/2019 | Schallenkamp's Answers to Debtors' First Set of Interrogatories | Admissible under FRE 801(a) and 801(d)(2). |
| 6 | 11/12/2019 | Schallenkamp's Answers to Debtors' First Set of Requests for Admission | Admissible under FRE 801(a) and 801(d)(2). |
| 7 | 11/12/2019 | Schallenkamp's Answers to Debtors' First Set of Requests for Production of Documents | Admissible under FRE 801(a) and 801(d)(2). |
| 8 | | TABLE for Group Exhibit 8 - Schallenkamp Documents Produced in Response to Debtors' First Set of Requests for Production of Documents (*BATES NUMBERED SCHALLENKAMP 0001-0115, added by Debtors' Counsel*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and the trial's participants. FRE 1006 makes summaries admissible. |
| Group Exhibit 8 | 11/12/2019 | Schallenkamp Documents Produced in Response to Debtors' First Set of Requests for Production of Documents (*BATES NUMBERED SCHALLENKAMP 0001-0115, added by Debtors' Counsel*) | Documents produced by Schallenkamp are admissible under FRE 1004, 1007, 801(a), and 801(d)(2). |
| Exhibit 9 | | Monies loaned to Debtors (*SORENSEN 0530-0531*) (originally produced by Schallenkamp in SD Lawsuit) | Documents produced by Schallenkamp are admissible under FRE 1004, 1007, 801(a), and 801(d)(2). |
| Group Exhibit 10 | 10/13/2015 | In re: Ellie R. Palma (15-60013 U.S. Bankruptcy Court, S.D. Texas); *Naphtha Transportation v. Ellie Ramos Palma* (15-06018) (*SORENSEN 0467-0523; 0694-0715*) | These documents are admissible under FRE 201, the holding in *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996), FRE 1004, 1007, 801(a), and 801(d)(2). |
| 11 | | TABLE for Group Exhibit 11 - Schallenkamp Emails & Texts in Chronological Order (*BATES NUMBERED SCHALLENKAMP EMAILS & TEXTS 0001-0151, added by Debtors' Counsel*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and the trial's participants. FRE 1006 makes summaries admissible. |
| Group Exhibit 11 | 07/03/2009 to 08/12/2019 | Schallenkamp Emails & Texts in Chronological Order (*BATES NUMBERED SCHALLENKAMP EMAILS & TEXTS 0001-0151, added by Debtors' Counsel*) | Admissible under FRE 801(a) and 801(d)(2). |
| 12 | | TABLE for Group Exhibit 12 - *Schallenkamp v. Shirley Schallenkamp, Steven Sorensen, Tina Sorensen*, Sibley County Case No. 72-CV-17-145 (*BATES NUMBERED MN LAWSUIT 0001-0101, added by Debtors' Counsel*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and |

| Exhibit | Date of Document | Description of Document | Objection to Admission, (if so, statement of asserted basis of admissibility) |
|---|---|---|---|
| | | | the trial's participants. FRE 1006 makes summaries admissible. |
| Group Exhibit 12 | 06/15/2016 to 03/22/218 | *Schallenkamp v. Shirley Schallenkamp, Steven Sorensen, Tina Sorensen*, Sibley County Case No. 72-CV-17-145 (*BATES NUMBERED MN LAWSUIT 0001-0101, added by Debtors' Counsel*) | These documents are admissible under FRE 201, the holding in *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996), FRE 1004, 1007, 801(a), and 801(d)(2). |
| 13 | | TABLE for Group Exhibit 13 - *Schallenkamp v. Shirley Schallenkamp, Steven Sorenson, Tina Sorenson*, McCook County Case No. 44CIV18-000056 (*BATES NUMBERED SD LAWSUIT 0001-0398, added by Debtors' Counsel*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and the trial's participants. FRE 1006 makes summaries admissible. |
| Group Exhibit 13 | 06/08/2018 to 03/17/2020 | *Schallenkamp v. Shirley Schallenkamp, Steven Sorenson, Tina Sorenson*, McCook County Case No. 44CIV18-000056 (*BATES NUMBERED SD LAWSUIT 0001-0398, added by Debtors' Counsel*) | These documents are admissible under FRE 201, the holding in *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996), FRE 1004, 1007, 801(a), and 801(d)(2). |
| 14 | 11/08/2019 | Jon E. Paulson, Paulson Law Firm PLLC's Answers to Debtors' Interrogatories | Admissible under FRE 801(a) and 801(d)(2). |
| 15 | 11/07/2019 | Jon E. Paulson, Paulson Law Firm PLLC's Response to Debtors' Requests for Admission | Admissible under FRE 801(a) and 801(d)(2). |
| 16 | 11/12/2019 | Jon E. Paulson, Paulson Law Firm PLLC's Response to Debtors' First Set of Requests for Production of Documents | Admissible under FRE 801(a) and 801(d)(2). |
| 17 | | TABLE for Group Exhibit 17 - Paulson Documents Produced in Response to Debtors' First Set of Requests for Production of Documents (*BATES NUMBERED PAULSON 0001-0175; 0282-0477, added by Debtors' Counsel*) (*does not include 0176-0281, Schallenkamp's Wells Fargo statements and Sorensen checks paid to Schallenkamp*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and the trial's participants. FRE 1006 makes summaries admissible. |
| Group Exhibit 17 | 11/12/2019 | Paulson Documents Produced in Response to Debtors' First Set of Requests for Production of Documents (*BATES NUMBERED PAULSON 0001-0175; 0282-0477, added by Debtors' Counsel*) (*does not include 0176-0281, Schallenkamp's Wells Fargo statements and Sorensen checks paid to Schallenkamp*) | Documents produced by Paulson are admissible under FRE 1004, 1007, 801(a), and 801(d)(2). |
| 18 | 11/05/2019 | Eich Answers to Debtors' First Set of Interrogatories | Admissible under FRE 801(a) and 801(d)(2). |
| 19 | 11/05/2019 | Eich Answers to Debtors' First Set of Requests for Admission | Admissible under FRE 801(a) and 801(d)(2). |
| 20 | 11/05/2019 | Eich Answers to Debtors' First Set of Requests for Production of Documents | Admissible under FRE 801(a) and 801(d)(2). |
| 21 | | TABLE for Group Exhibit 21 - Eich Documents Produced in Response to Debtors' First Set of Requests for Production of Documents (*BATES NUMBERED EICH 0001-0368, added by Debtors' Counsel*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and the trial's participants. FRE 1006 makes summaries admissible. |

| EXHIBIT | DATE OF DOCUMENT | DESCRIPTION OF DOCUMENT | OBJECTION TO ADMISSION, (*IF SO, STATEMENT OF ASSERTED BASIS OF ADMISSIBILITY*) |
|---|---|---|---|
| Group Exhibit 21 | 11/05/2019 | Eich Documents Produced in Response to Debtors' First Set of Requests for Production of Documents (*BATES NUMBERED EICH 0001-0368, added by Debtors' Counsel*) | Documents produced by Eich are admissible under FRE 1004, 1007, 801(a), and 801(d)(2). |
| 22 | | TABLE for Group Exhibit 22 - Debtors' Documents Produced in Response to Respondents' Requests for Production of Documents (*SORENSEN 0001-0715*) | The Table is a summary for the Group Exhibit prepared by Sorensens' counsel's paralegal. The Summary is prepared for ease of reference and use by the Court and the trial's participants. FRE 1006 makes summaries admissible. |
| Group Exhibit 22 | | Debtors' Documents Produced in Response to Respondents' Requests for Production of Documents (*SORENSEN 0001-0715*) | Documents produced by the Sorensens admissible under FRE 1004, 1007, and 801(a). |
| | | Any exhibit identified by Respondents but not on Debtors' exhibit list | |
| | | Any exhibit needed for rebuttal | |

## SCHALLENKAMP'S EXHIBITS

| EXHIBIT | DATE OF DOCUMENT | DESCRIPTION OF DOCUMENT | OBJECTION TO ADMISSION, (*IF SO, STATEMENT OF ASSERTED BASIS OF ADMISSIBILITY*) |
|---|---|---|---|
| | | Any exhibit identified by Debtors, Eich or Paulson not objected to and any exhibit allowed at Trial over Schallenkamp's Objections | |
| | | Any exhibit needed for rebuttal | |

## PAULSON'S EXHIBITS

| EXHIBIT | DATE OF DOCUMENT | DESCRIPTION OF DOCUMENT | OBJECTION TO ADMISSION, (*IF SO, STATEMENT OF ASSERTED BASIS OF ADMISSIBILITY*) |
|---|---|---|---|
| 1 | Various | Text Messages Between Debtors and Schallenkamp. | |
| 2 | Various | Checks from Sorenson to Schallenkamp. | |

## EICH'S EXHIBITS

| EXHIBIT | DATE OF DOCUMENT | DESCRIPTION OF DOCUMENT | OBJECTION TO ADMISSION, (*IF SO, STATEMENT OF ASSERTED BASIS OF ADMISSIBILITY*) |
|---|---|---|---|
| 1 | June 28, 2018 | Verified Complaint (South Dakota) | |
| 2 | September 12, 2018 | Affidavit of Keith Schallenkamp | |

| EXHIBIT | DATE OF DOCUMENT | DESCRIPTION OF DOCUMENT | OBJECTION TO ADMISSION, (IF SO, STATEMENT OF ASSERTED BASIS OF ADMISSIBILITY) |
|---|---|---|---|
| 3 | December 14, 2018 | Email between Robin Eich and Keith Schallenkamp | |
| 4 | February 3, 2019 | Correspondence between Eich and Michael E. Unke | |
| 5 | June 7, 2019 | Motion to Dismiss Monies Loaned and Subsequently Discharged Through the Bankruptcy Process. | |
| 6 | January 3, 2020 | Correspondence between Eich and Michael E. Unke | |
| 7 | January 2020 | Amended Verified Complaint | |
| 8 | January 2020 | Affidavit of Robin M. Eich | |
| 9 | April 5, 2020 | Reply Affidavit of Robin M. Eich | |
| 10 | February 19, 2020 | Order to Amend Complaint (South Dakota) | |
| 11 | February 19, 2020 | Amended Complaint (South Dakota) | |

Dated: March 26, 2021                *Respectfully submitted*,


*/s/ Nick Wooten*                         */s/ Paul M. Bach*
Nick Wooten                               Paul M. Bach
NICK WOOTEN, LLC                          BACH LAW OFFICES
5125 Burnt Pine Drive                     P.O. Box 1285
Conway, Arkansas 72034                    Northbrook, Illinois 60065
(833) 937-6389                            (847) 564-0808
nick@nickwooten.com                       paul@bachoffices.com

                                          *Counsel for Keith Anthony Schallenkamp*


Majdi Y. Hijazin, *Of Counsel*            */s/ Frank Venis*
SULAIMAN LAW GROUP, LTD.                   Frank Venis
2500 South Highland Avenue                VENIS AND COPP LLP
Suite 200                                 205 W. Randolph Street
Lombard, Illinois 60148                   Suite 2000
(630) 575-8181                            Chicago, Illinois 60606
mhijazin@hijazinlaw.com                   venis@venisandcopp.com

*Counsel for Steven Lee Sorensen and*     *Counsel for Paulson Law Firm PLLC and*
*Tina L. Sorensen*                        *Eich Law Office, Prof. LLC*